(72 Misc. Rep. 496.)

## ALBERA v. SCIARETTI.

(Supreme Court, Special Term, New York County. June, 1911.)

1. SUNDAY (§ 17*)—VALIDITY OF CONTRACT—PERFORMANCE ON SUNDAY.

A contract by which an opera singer agrees to perform services for a manager for a certain compensation, which contained the provision that in the number of performances to be given each week Sunday performances shall also be included without extra compensation, and also that nonplaying Sundays shall not be figured as lost time, is void.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 48, 49; Dec. Dig. § 17.*]

2. SUNDAY (§ 17*)—VALIDITY OF CONTRACT—PERFORMANCE ON SUNDAY.

A contract for services of an opera singer, providing that Sunday performances shall be included without extra compensation, but that nonplaying Sundays shall not be figured as lost time, will not be sustained on the theory that the parties intended that Sunday performances were to be had only in states permitting them, where the statutes of other states are not proved, and, since the contract is silent as to the place of performance, it is presumed that the contract is to be performed within the state.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 48, 49; Dec. Dig. § 17.*]

Action by Alexander Albera against Salvatore Sciaretti. Heard on demurrer to the affirmative defenses contained in the answer. Judgment given for defendant, sustaining demurrer and dismissing the complaint.

Nathan Burkan, for plaintiff.
Wise & Seligsberg, for defendant.

PAGE, J. The plaintiff demurs to the affirmative defenses contained in defendant's answer. The defendant, taking advantage of the rule that a demurrer searches the record and attacks the first error in pleading, asks judgment on the insufficiency of the complaint. The contract which is the basis of the action is attached to and made a part of the complaint.

[1] The plaintiff is the manager and proprietor of the San Carlo Opera Company, and entered into a contract with the defendant whereby the defendant was engaged to render services at such theaters as required, commencing on or about the 2d day of May, 1910, for a season of about four weeks or more, unless canceled earlier. The party of the second part (defendant) agrees to render services at such theaters, in all characters and doubles in which he may be cast, in a correct manner, according to the direction of the party of the first part, and to sing four times each week in all rôles in which he may be cast.

"The party of the first part hereby agrees to pay the said party of the second part a weekly salary of one hundred and sixty dollars, * * * payable on Tuesday of each week. * * * It is agreed and understood by both parties that in the number of performances to be given each week Sunday performances shall also be included in the week without extra compensation to the party of the second part."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is further provided that nonplaying Sundays shall not be figured as lost time. This contract clearly provides for Sunday performances of a character prohibited by the laws of this state, and hence is void and unenforceable. Penal Law (Consol. Laws 1909, c. 40) §§ 2143, 2152; Hallen v. Thompson, 48 Misc. Rep. 642, 96 N. Y. Supp. 142; Matter of City of New York, 57 Misc. Rep. 52, 56, 108 N. Y. Supp. 197.

[2] Plaintiff contends that in certain states such Sunday performances are permitted by statute, and that, as the contract is silent as to the place of performance, the court should, in its endeavor to sustain the legality of the contract, presume it was the intention of the parties that Sunday performances were to be had only within such states as permitted them. The difficulty with this position is twofold: First, the court, judicially, has no knowledge of such statutes, and cannot take judicial notice of the statutes of other states; second, when a contract is silent as to the place of performance it is presumed to be performed within the state where it was made, and must be tested by the laws of that state. The contract is not divisible. The salary is $160 per week, including Sunday performances. The court cannot apportion the weekly salary and rewrite the contract.

Judgment will therefore be given for the defendant, sustaining the demurrer and dismissing the complaint.

Judgment for defendant.