CLARENCE H. KNAPP, Respondent, *v.* ABRAM FRIEDMAN, Appellant.

Third Department, November 20, 1929.

*Benjamin Frindel*, for the appellant.

*Theodore A. Knapp*, for the respondent.

PER CURIAM. In this action the court below ordered the answer stricken out and directed the entry of a summary judgment.

The defendant had two actions in which he had employed the plaintiff as attorney; one to defend Rothenberg v. Friedman, commenced about August 1, 1927; another a foreclosure action commenced about March 5, 1928. Defendant submitted an affidavit that the plaintiff agreed to defend the Rothenberg action for $200. Plaintiff's affidavit sets forth that defendant agreed to pay the plaintiff the reasonable value of his services. The defendant made three payments to plaintiff; on March 5, 1928, $100 on account of the foreclosure action; on March 17, 1928, $100, and on October 15, 1928, $100, credited by the plaintiff on an account for his services in the Rothenberg action.

The determination of the Special Term was apparently based on the letter of the defendant dated October 17, 1928: " * * * Glad to know that things are progressing, also that you have received check. Now, Mr. Knapp, if you would rush the foreclosure so that I can get along before the nasty weather sets in, I will come to Saratoga and give you a check of the balance due you. If you would only rush things as fast as you can."

If plaintiff's contention that there was a balance due for services in the Rothenberg case be accepted that constituted one balance. If the balance in the foreclosure action would become due when defendant could " get along " (to occupancy?) another balance would be due. The question is, to which balance did the defendant in his letter refer? We think that there is a fair dispute as to the meaning of the above-quoted letter; and, therefore, upon the questions whether the agreement for compensation in the Rothenberg case was for $200 or the reasonable value of plaintiff's services; whether there was an agreement on the part of defendant to pay plaintiff the reasonable value of his services; and what the reasonable value of such services was.

We think the defendant has shown facts entitling him to defend. The order and judgment should be reversed, with costs, and the motion denied, with costs.

Van Kirk, P. J., Hinman, Whitmyer, Hill and Hasbrouck, JJ., concur.

Order and judgment reversed on the law, with costs, and motion denied, with ten dollars costs.