HENRY B. CLOSSON and Others, Respondents, *v.* SEABOARD SAND AND GRAVEL CORPORATION, Appellant.

First Department, June 20, 1933.

*Jackson A. Dykman* of counsel [*Sigourney B. Olney* and *Jules Haberman* with him on the brief; *Cullen & Dykman,* attorneys], for the appellant.

*Benjamin Edmund Messler* of counsel [*Theodore C. Richards* with him on the brief; *Benjamin Edmund Messler,* attorney], for the respondents.

MARTIN, J. The law firm of Parsons, Closson & McIlvaine seeks to recover the reasonable value of plaintiff McIlvaine's services as counsel for the trustees of the freeholders and commonalty of the town of Brookhaven, Suffolk county, New York, in an action brought to determine a claim to real property, it being alleged that the reasonable value of these services is at least $75,000, of which $17,500 has been paid, and that there is still a balance of $57,500.

A motion was made under rule 113 of the Rules of Civil Practice (Subd. 4), to strike out the answer and direct the clerk of Trial Term, Part II, to place the action on the day calendar for assessment of damages by the court, and upon such assessment to enter judgment. This motion was granted upon the ground that the answer failed to show such facts as may be deemed by the court to present any triable issue of fact other than the amount of damages for which judgment should be entered.

The theory upon which this motion was made is that the rendition of the services and the obligation of the defendant to pay for same have been admitted by the president of the defendant, appellant, corporation, and that, therefore, no triable issue of fact exists other than the amount of damages.

This case was before this court on another occasion upon a motion by plaintiffs, under rule 103 of the Rules of Civil Practice, to strike out certain allegations in a prior answer of the defendant as irrelevant and redundant, which motion was in part granted. (236 App. Div. 838.) The defendant thereafter served a second amended answer.

The affidavit of the plaintiff McIlvaine, offered herein, avers that he was " personally retained * * * to represent the Seaboard Sand & Gravel Corporation and to act as associate counsel with the attorney for the Trustees." There is a question at the outset whether these plaintiffs, other than Tompkins McIlvaine, were ever retained by the defendant, appellant, in this action, in view of the statement that he was personally retained.

The answer raises several other issues of fact which must be

disposed of by a trial. The defendant very properly maintains that the services, as described in the statement annexed to the complaint and moving affidavits, are not such as the defendant or any other client would actually have knowledge at the time of their rendition or with which a client could be charged with knowledge, especially where a lawyer has been retained as associate counsel.

The defendant denies in paragraph "3" of its answer any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "IV" of the complaint, which is the paragraph in which the descriptive statement of services is annexed to the complaint. The answer, therefore, raises the issue whether these services were ever in fact performed or can be found to have been performed at the request of the defendant.

Another question raised on this appeal is whether the letters written by defendant's president, William Butler Duncan, assuming their competency, constitute a binding admission *by the defendant corporation* that the undetermined amount is due in addition to what has already been paid.

The defendant points out that it is a corporation, and that the correspondence between Tompkins McIlvaine and William B. Duncan consists merely of letters exchanged between old friends, and that there was in addition to their social relations, the relationship of trust and confidence arising between attorney and client. Mr. Duncan states that it was always understood between his friend Mr. McIlvaine and himself that their letters and conversations meant that, rather than litigate, he would submit for approval to his associates on the board of directors a proposition to pay a moderate amount in payment of services rendered.

The defendant contends that the effect of the correspondence between Messrs. Duncan and McIlvaine, and the conversations which they had, present triable issues of fact, not only upon the question of Mr. Duncan's authority to bind the defendant, but also upon the understanding between the parties at the time of the correspondence and discussions.

The corporate defendant may not be deprived of a trial by jury of the issues as to whether the attorney ever rendered the alleged services, and if he did, whether they were necessary and had any value in excess of the amount paid. If a single issue is created by the pleadings, the defendant is entitled to a trial. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *King Motor Sales Corp.* v. *Allen*, 209 App. Div. 281.)

On the prior motion made by the plaintiffs under rule 103 of the Rules of Civil Practice, to strike out portions of the defendant's

amended answer as frivolous, irrelevant and redundant, which was denied, the court said: "The court fails to recognize any warrant to strike out the portions of the answer sought to be eliminated from the issue. They are not frivolous, irrelevant or likely to prejudice and embarrass a fair trial of the contest."

While it is true that this court modified that order, a comparison of the amended answer upon which this court has already passed, with the answer now before the court, discloses that the paragraphs marked " 1." in each answer are identical, and this court, in affirming the Special Term, held it was not frivolous or irrelevant.

There are several issues to be tried in this case. The plaintiff must establish the rendition of the services, the value thereof, and the liability of the defendant for the same. It was error to direct that the answer be stricken out, leaving no issues whatever to be tried, and then send the matter to another part of the court for trial. (*Knapp* v. *Friedman*, 227 App. Div. 261; *Curry* v. *Mackenzie*, 239 N. Y. 267; *Barrett* v. *Jacobs*, 255 id. 520.) The defendant is entitled to prove that the letters in question upon which the decision of the Special Term is based, were in fact part of negotiations to settle and that they are, therefore, incompetent to establish the liability of defendant.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.