JOHN E. ROSASCO CREAMERIES, INC., Respondent, *v.* HENRY COHEN and Others, Copartners, Doing Business under the Trade and Style Name of COHEN DAIRY COMPANY, Appellants.

First Department, December 11, 1936.

*Isador Goetz* of counsel [*Goetz & Midler*, attorneys], for the appellants.

*Harold S. Fleischer*, for the respondent.

PER CURIAM. The plaintiff, a shipper of milk, maintains this action against the defendants, milk dealers and distributors in New York city, to recover the agreed price of milk sold to the defendants between March 15 and April 1, 1936. In addition to denials of allegations of the complaint, the defendants assert two counterclaims, the first for damages for the breach by the plaintiff of an oral contract by which it agreed to sell and deliver to the defendants all the milk required in the normal course of the defend-

ants' business; the second, for a sum of money alleged to have been overpaid to the plaintiff on account of so much of the milk as was used by the defendants in the manufacture of cream and ice cream.

We have held (*Rosasco Creameries, Inc.*, v. *Cohen*, 249 App. Div. 228, decided herewith) that upon the facts admitted by the pleadings the complaint must be dismissed and, therefore, it necessarily follows that the order must be reversed at least to the extent that it grants summary judgment in favor of the plaintiff upon the claim asserted in the complaint. We are further of opinion, however, that so much of the order as grants the plaintiff's motion for summary judgment striking out the defendants' counterclaims must also be reversed for the reason that the affidavits present issues of fact which can be decided only upon a trial.

On the first counterclaim the defendants' affidavits set forth an agreement between the parties binding the plaintiff to sell and deliver to the defendants sufficient milk, not exceeding 10,500 cans per month, to meet their normal business requirements, and that the plaintiff's failure to perform the contract made it necessary for the defendants to purchase milk elsewhere at higher prices. On the second counterclaim the affidavits submitted by the defendants, if true, would establish that milk used by them for the manufacture of ice cream and cream should be charged at the rate of $1.71 per forty-quart can, instead of $2.39 per can, the price to be paid for milk for drinking purposes. The defendants' affidavits further allege that this arrangement entitles them to a credit of $3,800, and this is corroborated, to some extent at least, by the broker who negotiated the contract between the parties.

We have not considered whether the rights which the defendants have asserted in their counterclaims are unenforcible on account of the plaintiff's failure to comply with the licensing requirements of section 257 of the Agriculture and Markets Law, because that question is not presented by the plaintiff's reply (Civ. Prac. Act, § 242), and it consequently does not appear that the defendants dealt with the plaintiff with " reason to believe " that it was not licensed as provided by section 257.

The judgment and order should be reversed, with costs, and the motion denied.

Present — MARTIN, P. J., McAVOY, UNTERMYER, DORE and COHN, JJ.

DORE, J. (concurring in result). On the companion appeal in this action, decided herewith, from an order denying defendants' motion to dismiss the complaint on the ground that plaintiff was not licensed, I have voted to affirm.

This appeal is by defendants from an order granting plaintiff's motion for summary judgment; striking out defendants' first counterclaim on the merits; dismissing the second counterclaim on the merits, except as to the sum of $921.69, as to which the action is severed, granting plaintiff judgment for $10,136.84, with interest, and from the judgment entered thereon.

After examining the pleadings and the voluminous affidavits I have reached the conclusion that, so far as concerns plaintiff's motion for summary judgment, the defendants have raised issues which must await determination at trial. (*Barrett* v. *Jacobs,* 255 N. Y. 520; *Curry* v. *Mackenzie,* 239 id. 267, 270; *Closson* v. *Seaboard Sand & Gravel Corp.,* 238 App. Div. 584.)

In the two counterclaims the defendants are insisting upon the validity of the contract and its enforcement. Although their defenses set up the claim that the contract as to the plaintiff is unenforcible and void because the plaintiff was not licensed, defendants invoke the assistance of the court to enforce on their behalf the very contract which they allege the law forbids.

The majority has ruled that this issue is not presented by the plaintiff's reply under the provisions of section 242 of the Civil Practice Act. Section 242 refers to matters which if not raised " would be likely to take the opposite party by surprise or would raise issues of fact not arising out of the preceding pleadings, as for instance  *  *  *  facts showing illegality." In the preceding pleadings herein the defendants themselves had fully raised the issue of illegality and could not possibly be taken by surprise on that aspect of the case.

In the companion appeal (249 App. Div. 228, 231) the majority held that " It would be strange indeed if, under these conditions, the plaintiff could invoke the assistance of the court to enforce the very contract which the law forbids," but on this appeal the defendants for the purposes of their counterclaims, in which they are really plaintiffs, are permitted to enforce for their own benefit the very contract enforcement of which is denied to the other side.

The principle of cases where the contract is merely *malum prohibitum,* that is, not involving moral turpitude or the violation of public policy, is that the courts will grant relief to one party if the guilt rests chiefly on the other " where equity requires it, to the more innocent party." (*Tracy* v. *Talmage,* 14 N. Y. 162, 181; *Irwin* v. *Curie,* 171 id. 409, 413.) It may be, however, that, under the language of section 257 of the Agriculture and Markets Law, in order properly to raise this issue as to the defendants it would be necessary for plaintiff to allege in its reply that defendants dealt

with plaintiff with " reason to believe " that the milk had been previously dealt in by an unlicensed dealer.

In view, therefore, of the present state of the pleadings, and as issues of fact appear also to be presented in connection with the counterclaims, I concur in the result that the judgment and order should be reversed and the motion denied.

Judgment and order unanimously reversed, with costs, and the motion denied.