## (October 21, 1938.)

BERNARD BREITBART and CHARLES BREITBART, Copartners, Doing Business as BREITBART & BREITBART, Respondents, v. MAX WEILL, Appellant. (Appeal No. 1.) — In an action for recovery for professional services rendered by plaintiffs as attorneys for the defendant in claims and actions in respect to disability insurance, the defendant demanded a bill of particulars containing certain items. On motion to vacate or modify the demands the court at Special Term modified and struck out certain demands. Items 6 and 7 should have been allowed. Order modified by allowing and including items 6 and 7 in respect to which plaintiffs are required to furnish particulars, and as so modified the order, in so far as an appeal is taken therefrom, is affirmed, without costs; the bill of particulars to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

BERNARD BREITBART and CHARLES BREITBART, Copartners, Doing Business as BREITBART & BREITBART, Respondents, v. MAX WEILL, Appellant. (Appeal No. 2.) — In an action brought by plaintiffs to recover for the reasonable value of legal services on employment by the defendant in connection with claims and actions against two insurance companies on policies of insurance for total disability, it appears that one of the companies paid for a time and then suspended payment and that the other company was making an investigation as to whether the age given by the insured was the correct one. There was no dispute that he was totally disabled. After negotiations had been conducted by the insured and his son with the companies, it is admitted that the plaintiffs were employed. The complaint contains only general allegations concerning the retainer and the services rendered by plaintiffs, and the answer admits employment and the rendering of some services, but, it may be said, puts in issue the extent of the services authorized and rendered. On motion by plaintiffs for summary judgment there were no allegations by plaintiffs as to specific authority to institute actions; and on the part of the defendant it is alleged that numerous unnecessary actions were commenced without authority for the purpose of creating an excessive claim for services. The motion for summary judgment was granted and a referee was appointed to assess the damages and determine the amount thereof for which judgment should be granted; this on the theory that the only question at issue was the amount of damages. The pleadings and affidavits disclosed that there

were other issues than that of damages to be litigated, to wit, the extent of the employment and whether the plaintiffs instituted unnecessary and unwarranted litigation, involving the question of professional duties and ethics in the relation between the attorneys and the client. (*Closson* v. *Seaboard Sand & Gravel Corporation*, 238 App. Div. 584; *General Talking Pictures Corp.* v. *Rinas*, 248 id. 164.) Even if there were no other issue than the question of damages, the court, in the exercise of discretion under the facts shown in this case, should have directed that the damages should be assessed by a jury. (*Livingston* v. *Blumenthal*, 248 App. Div. 138.) Resettled order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.