. Arthur Wachtel, J.
I find and decide that the plaintiff was hired by the day; that for the plain painting his compensation was based upon the union rate, which amounted to $22.47 per day, upon the basis of a seven-hour day, $3.21 per hour; that the graining work was of a special type of work for which plaintiff was not restricted to the daily union rate. Plaintiff’s witness, Jack Cohen, testified that he paid $5 per hour for such work and that the work done by plaintiff would embrace about 15 days.
Accordingly, upon the basis of plaintiff’s claim of 32 days, the fair and reasonable amount for his claims is computed as follows:
1) For draining work..................... $ 525.00 2) For plain painting..................... 381.99 3) For materials......................... 144.48 Total ............................... $1,051.47 Paid by defendants........................ 300.00 Balance due.......................... $ 751.47 with interest from September 3, 1956.
The defendant, upon the motion to dismiss, raised the question of illegality on the grounds that certain days included in the schedule of work set forth in plaintiff’s bill of particulars fell on a Sunday and that, accordingly, the contract is void, relying upon sections 2140 to 2146 of the Penal Law. The plaintiff claims that the defense of illegality must be pleaded and may not be relied upon if not specifically pleaded pursuant to section 242 of the Civil Practice Act and cites, in support of this proposition, Rosasco Creameries v. Cohen (249 App. Div. 193). However, section 242 of the Civil Practice Act requires a specific pleading in this respect as to such grounds of defense “ which if not raised would be likely to take the opposite party *547 by surprise or would raise issues of fact not arising out of the preceding pleadings ”. In the case at bar, no question of surprise was raised by the plaintiff. In any event, this court, in and by section 93 (subd. 2) of the New York City Municipal Court Code, must allow amendment of pleading at any stage of the cause “if substantial justice will be promoted thereby ” (see, also, Drake v. Lauer, 182 N. Y. 533; Barry v. Mulhall, 162 App. Div. 749; Sprague v. Webb, 168 App. Div. 292), and accordingly, the court will deem the answer amended so as to raise the defense of illegality.
However, the true rule with respect to contracts involving Sunday labor has been set forth by the Restatement of the Law of Contracts (vol. 2, 1933 Supp., § 538) as follows: “ The New York Law does not condemn bargains made on Sunday. ‘ A contract made on Sunday is not void, and to invalidate a transaction under the statute the contract must necessarily require the act to be performed on Sunday. Boynton v. Paige, 13 Wend. 425; Watts v. Van Ness, 1 Hill 76.’ Wright, J., in Merritt v. Earle, 29 N. Y. 115, 117, * * * Accord: McCormack v. Hazard, 77 Mise. 190 * * A bargain is illegal if it calls for the performance on Sunday of an act which is prohibited on that day, just as any bargain is illegal if its performance would be criminal. This is as far as the New York law goes.” See, also, Rubin v. International Film Co. (122 Misc. 413) where the plaintiff agreed to work for the defendant for four weeks, a week being defined as consisting of seven actual working days. The contract was held not illegal because it did not necessarily require seven consecutive working days or performance on Sunday. As the court said in Rubin v. International Films Co. (supra, pp. 415-416) “Unless a definite obligation to perform on Sundays is imposed by the contract, the law will not presume an intention by the parties to violate the law.” The case of Albera v. Sciaretti (72 Misc. 496) cited by the attorney for the defendant, is not applicable. There, the contract for work was upon a weekly salary basis and specifically provided for Sunday performances. The case of Fine v. Sedacca (179 N. Y. S. 68) cited by the attorney for the defendant, is also inapplicable because this case was concerned with the question as to whether the Sunday work contracted for was ‘ unnecessary servile work.” That question is not now before the court inasmuch as this is not a case of a contract for Sunday work necessarily requiring such Sunday work by its terms.
Defendants have failed to sustain their burden of proof in respect of the counterclaim alleged and same is accordingly dismissed.