Louis Bernhardt, Respondent, *v.* American Railway Express Company, Appellant.

Fourth Department, November 9, 1926.

Master and servant — action to recover for injuries suffered while plaintiff was assisting one of defendant's drivers in unloading truck — driver, who was delivering trunks to tenant in house in which plaintiff lived, asked plaintiff for assistance — one trunk of ordinary size fell on plaintiff's arm — no emergency existed authorizing driver to seek assistance — accident was result of negligence of driver — fact that accident occurred in street does not aid plaintiff, for he was in street for purpose of assisting driver.

The defendant is not liable to the plaintiff for injuries suffered while the plaintiff was assisting a driver of the defendant in unloading a truck, since it appears that the driver was delivering two trunks to a tenant in the house in which the plaintiff lived, and that the driver asked the plaintiff to assist him in unloading the trunks, and in doing so one of the trunks, through the negligence of the driver, fell on plaintiff's arm and broke it.

Under the circumstances, there was no emergency which would authorize the driver to seek assistance, and the driver had no authority, implied or otherwise, to engage bystanders to assist him. It was immaterial whether or not the plaintiff in this case was acting at the invitation of the driver or was merely a volunteer. The plaintiff cannot claim recovery on the ground that the accident happened in the street, for he was there for no other purpose than to assist in the work, so that his presence in the street was entirely incidental.

Appeal by the defendant, American Railway Express Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 14th day of July, 1926, upon the verdict of a jury for $350, and also from an order entered in said clerk's office on the 19th day of July, 1926, denying defendant's motion for a new trial made upon the minutes.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the appellant.

*Ward, Flynn, Spring & Tillou* [*Dana L. Spring* of counsel], for the respondent.

Davis, J. The defendant received at Cleveland, O., two trunks for transportation to a consignee at 35 Spruce street, Buffalo. The trunks having arrived at Buffalo by rail, defendant on the morning of July 4, 1925, sent a truck to deliver them at the address given. On arriving there the driver learned it was a house in which several families resided. He rapped at the rear door which was opened by plaintiff. The driver made inquiry and ascertained that the consignee resided upstairs in the rear but was temporarily

absent. Evidently the driver stated his errand and plaintiff says asked " a hand with the trunks." The driver says plaintiff volunteered his assistance. In view of the verdict we will assume the plaintiff's version to be correct.

They then went out to the truck accompanied by the plaintiff's nephew, a boy of nineteen. The plaintiff and the driver proceeded to unload one of the trunks. In some manner the end at which plaintiff was located fell or dropped on plaintiff's right forearm cracking the bone. For the alleged negligence of the driver in the manner of unloading, the plaintiff has a small verdict for damages.

It is difficult to determine from the pleading, proof and argument on just what theory the plaintiff's verdict is based, assuming that the driver was careless in the handling of the trunk. There is evidence that the driver had no assistant and that after plaintiff was injured his nephew came forward and helped carry this trunk to the place of delivery. The other trunk of substantially the same size and weight the driver delivered unaided.

The description given by all witnesses indicates that it was a common trunk of ordinary size. Plaintiff makes no attempt to estimate its weight, so the driver's statement is undisputed that it weighed from 100 to 125 pounds. These facts certainly created no emergency authorizing the driver to employ one to assist him and no other authority is shown. In fact, the counsel for plaintiff makes no claim of emergency employment. The chief argument for sustaining the verdict seems to rest on the theory that as the accident occurred in the street, the plaintiff was rightfully in the place where he was injured.

The question of liability of the owner or master to one who voluntarily or by invitation of an employee engages in work and sustains injury, is generally troublesome. Much depends upon whether there was an emergency, the authority of the servant who calls for further assistance, the place where the work is performed, the interest in the work of the party assisting, the age of the person invited or volunteering, whether adult or minor, whether the injury occurred through a detail of the work or because of a danger or defect existing in the place where the work was being done, or in the instrumentalities by which it was performed, or if the injury resulted from some willful or wanton act. Other elements no doubt may exist so that each case must be determined on its particular facts. (See *Geibel* v. *Elwell*, 19 App. Div. 285; *Fiesel* v. *New York Edison Co.*, 123 id. 676; *Manifold* v. *U. S. Trucking Corp.*, 209 id. 633; *Cannon* v. *Fargo*, 222 N. Y. 321.)

Here there was no authority to be implied from the nature of the employment of the driver to engage bystanders to assist him

and none was shown. The plaintiff was not the owner of the trunks and had no interest in the work. He was an adult and capable of understanding the risks involved in unloading and carrying the trunks. There was nothing defective about the truck which the master had supplied, and there is no claim of willful injury. Whatever occurred was due, we will assume, to the negligence of the driver in attempting to take the trunks from the truck.

We have then the simple question of the liability of a master for the act of a servant to one assisting the latter by unauthorized invitation where the injury occurred during the performance of a detail of the work. There seems to be little if any distinction between the nature of the duty owed to a person assisting by invitation and that owed to a pure volunteer. The plaintiff, under the circumstances here, cannot place himself in a better legal position than the servant with whom he works. (*Langan* v. *Tyler*, 114 Fed. 716, 718.) The master is no more liable to him for the servant's negligence than he would be to the servant for the plaintiff's negligence. The defendant had no knowledge of the situation which arose and could not well have anticipated what happened. The servant by invitation or by acceptance of volunteered assistance would impose no new or greater obligation on the master than that which the master owed to him. Nor could the invitee or volunteer create a new or greater liability by his act. The authorities sustain the principle of non-liability under such circumstances. (See *Mandala* v. *Wells,* 212 App. Div. 370, 373; *Ryan* v. *Phipps,* 146 id. 642, 646; *Richardson* v. *Babcock & Wilcox Co.,* 175 Fed. 897; 22 L. R. A. 663, note; 13 L. R. A. [N. S.] 561, note; 43 id. 187, note; L. R. A. 1915F, 1125, note.)

The fact that the accident happened in the street does not change the rule respecting liability. The plaintiff did not occupy the position of one passing by injured through the negligence of the driver. The truck was lawfully in the street in the course of defendant's business. The plaintiff went there for no other purpose than to assist in the work, so his presence in the street was entirely incidental. By engaging in unloading the trunk he assumed the risks there existing. The verdict is contrary to the law.

The judgment and order should be reversed on the law, with costs, and the complaint dismissed, with costs.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.