EDWARD DUSCHNIK, by JOSEPHINE DUSCHNIK, His Guardian ad Litem, Respondent, *v.* DECO RESTAURANTS, INC., Appellant.

Argued November 17, 1937; decided January 11, 1938.

*Harold J. Adams* and *Percy R. Smith* for appellant. Plaintiff was a trespasser or a mere volunteer to whom the defendant owed no duty of care. (*Kuhn* v. *City of New York,* 274 N. Y. 118; *Mandala* v. *Wells,* 212 App. Div. 370; *Raible* v. *Hygienic Ice & Refrigerating Co.,* 134 App. Div. 705; *Morris* v. *Brown,* 111 N. Y. 318; *Riola* v. *N. Y. C. & H. R. R. R. Co.,* 97 App. Div. 252; 184 N. Y. 596; *Encarnacion* v. *Jamison,* 251 N. Y. 218; 281 U. S. 635; *Ray* v. *Keene,* 19 App. Div. 147; 160 N. Y. 706; *Eaton* v. *Delaware, L. & W. R. R. Co.,* 57 N. Y. 382; *Fay* v. *DeCamp,* 257 N. Y. 407; *Curry* v. *Addoms,* 166 App. Div. 433; *McConnell* v. *Morse I. W. & D. D. Co.,* 187 N. Y. 341; *Crispin* v. *Babbitt,* 81 N. Y. 516.) The plaintiff at the time of his injury was assisting an employee of the defendant for the employee's own personal convenience. (*Mandala* v. *Wells,* 212 App. Div. 370; *Bernhardt* v. *American Ry. Express Co.,* 218 App. Div. 195; *Larmore* v. *Crown Point Iron Co.,* 101 N. Y. 391; *Ryan* v. *Phipps,* 146 App. Div. 642; *Fabisiak* v. *Empire Steel Partition Co.,* 228 App. Div. 665; 255 N. Y. 593; *Buchalski* v. *Kramer,* 243 App. Div. 703; *Wirth* v. *General Railway Signal Co.,* 136 App. Div. 536; *Garthe* v. *Ruppert,* 264 N. Y. 290; *Fiesel* v. *New York Edison Co.,* 123 App. Div. 676; *Mandala* v. *Wells,* 212 App. Div. 370; *Williams* v. *New York Tel. Co.,* 81 Misc. Rep. 310; 161 App. Div. 942.) No violation of duty to plaintiff was shown. (*Garthe* v. *Ruppert,* 264 N. Y. 290; *O'Connor* v. *Webber,* 219 N. Y. 439; *Longacre* v. *Yonkers R. R. Co.,* 236 N. Y. 119; *Dougherty* v. *Pratt Institute,* 244 N. Y. 111.)

*Manly Fleischmann, Alger A. Williams, Philip Halpern* and *Winton H. Church* for respondent. The verdict of the jury conclusively establishes plaintiff's status as an invited volunteer helper in performing defendant's work. (*Nalli* v. *Peters,* 241 N. Y. 177; *McLoughlin* v. *New York Edison Co.,* 252 N. Y. 202; *Atwater* v. *Lober,* 133 Misc. Rep. 652; *Ferro* v. *Sinsheimer Estate, Inc.,* 256 N. Y. 398;

*Huston* v. *Dobson*, 138 App. Div. 810; *Althorf* v. *Wolfe*, 22 N. Y. 355; *Houck* v. *C. & A. Ry. Co.*, 92 S. W. Rep. 738; *Fleischmann Malting Co.* v. *Mrkacek*, 14 Fed. Rep. [2d] 602; *Alfrey Heading Co.* v. *Nichols*, 139 Ark. 462; *DeHaven* v. *Hennessey Bros.*, 137 Fed. Rep. 472; *Illinois Central Ry. Co.* v. *Grifin*, 80 Fed. Rep. 278; *Mitton* v. *Cargill Elevator Co.*, 152 N. W. Rep. 753; *Purtell* v. *Philadelphia Co.*, 256 Ill. 110; *Watteau* v. *Fenwick*, [1893] 1 Q. B. 346; *Piwowarski* v. *Cromwell*, 273 N. Y. 226; *Quinn* v. *Power*, 87 N. Y. 535; *Grimshaw* v. *Lake Shore & M. S. Ry. Co.*, 205 N. Y. 371.) Defendant's violation of its duties to the plaintiff was clearly established. (*People* v. *Pullman*, 166 App. Div. 99; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Scott* v. *International Paper Co.*, 204 N. Y. 49; *Fuller* v. *Mulcahy & Gibson*, 164 App. Div. 829; *Caspersen* v. *LaSala Bros.*, 253 N. Y. 491; *Hess* v. *Bernheimer & Schwartz Brewing Co.*, 219 N. Y. 415; *Schumer* v. *Caplin*, 241 N. Y. 346; *Robinson* v. *State*, 242 App. Div. 94; *Nasca* v. *St. Mary's Church*, 248 App. Div. 944; *Racine* v. *Morris*, 201 N. Y. 240; *Pelow* v. *Oil Well Supply Co.*, 194 N. Y. 64; *Barrett* v. *Brooklyn Heights R. R. Co.*, 188 App. Div. 109; *Lipari* v. *Bush Terminal Co.*, 193 App. Div. 309; 233 N. Y. 546.)

LEHMAN, J. The defendant operates a chain of restaurants and it maintains a " meat grinding plant " in connection with its business. It employs there a foreman, Michael Learner, and three workmen. The plaintiff, a youth under twenty-one years of age, was a friend of one of these workmen, named Kalinowski. Some of the men worked on Sundays but were permitted to leave when they had finished the work assigned to them. On Sunday morning, July 19, 1935, Kalinowski accompanied by the plaintiff went to the meat-grinding plant at about eight o'clock or a little earlier. Learner, the foreman, had not yet arrived. While working there plaintiff's hand was caught in the worm of a meat-grinding machine and his fingers were cut off. He has

442

recovered a judgment against the defendant for the consequent damages.

The defendant is liable only if the accident was caused by neglect of some duty which it owed to the plaintiff. The evidence is sufficient to sustain the finding of the jury that the machine was improperly constructed and was not provided with suitable safeguards as required by the Labor Law (Cons. Laws, ch. 31, § 256). Doubtless the defendant would be liable for any damages caused by such a defect to a person using such a machine at the request or upon the invitation of the defendant. It would not be liable for injuries to a person who, without the permission of the defendant or its invitation, express or implied, uses a dangerous machine which the defendant furnishes for the use of its employees only. The serious question in this case is whether at the time of the accident the plaintiff was using the machine upon the invitation of the defendant.

The plaintiff was not employed by the defendant. He had not been promised any compensation from the defendant and he did not expect to receive any. He was performing work assigned to Kalinowski and for which Kalinowski was employed. His purpose was to help Kalinowski finish his work early so that they might go swimming together. Kalinowski asked him to help and told him that Learner had said it would be " O. K." Kalinowski was of course only a worker in a subordinate position. He had no implied or apparent authority to hire or invite another to perform work which he was hired to do. The plaintiff relied upon Kalinowski's invitation but Kalinowski could not by any invitation bind the defendant or place upon the defendant any additional responsibility or duty unless Kalinowski had received authority from the defendant to extend the invitation. The plaintiff maintains that in extending the invitation he was acting with the knowledge and permission of Learner and that Learner had implied and

apparent authority to employ or invite others to work in the meat-grinding plant. If in truth Learner had such actual or apparent authority the plaintiff's recovery can be sustained. (*Ferro* v. *Sinsheimer Estate, Inc.,* 256 N. Y. 398.)

Kalinowski as a witness for the plaintiff testified that some days before the accident when he was informed that he would be required to work on Sunday morning he asked Learner whether he might bring the plaintiff along to help him. Learner " said he didn't care, but if the bosses come around we will be in a jam or a terrible jam or something like that." Learner as foreman was in actual charge of the meat-grinding plant which was operated as a separate unit of the defendant's business. We may assume without further analysis of the testimony that, except as restricted by express limitations imposed by the defendant, Learner had implied authority to act for the defendant in all matters connected with the work carried on in the shop, and had apparent general authority to represent the defendant, subject only to restrictions known to the person with whom Learner might have dealings. The difficulty in this case is that the uncontradicted evidence shows that Kalinowski was informed by Learner that his authority was restricted.

We may reject all the testimony produced by the defendant intended to show that in fact Learner's authority was narrowly restricted; though there is little substantial contradiction of that testimony. Even so, the inference most favorable to the plaintiff that can be drawn reasonably from Kalinowski's testimony of his conversation with Learner is that Learner said he would personally raise no objections if plaintiff helped Kalinowski, though that would be a violation of his duty to the defendant which might create trouble for both. Learner did not in that conversation assume to act under authority granted to him by the defendant. On the contrary when he said that " if the bosses come around

we will be in a jam," he disclosed that he had no such authority.

The defendant did not furnish to plaintiff the machine which caused the injury. If the plaintiff had received proper instructions as to the manner in which the machine should be used, the accident might not have occurred. The plaintiff in using the machine acted upon the invitation and under the instructions of Kalinowski and Kalinowski had no authority to extend the invitation or to give the instructions. For the injuries resulting from the unauthorized use by the plaintiff of a machine which was not furnished to him by the defendant, the defendant is not liable.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.