JOHN F. HARRINGTON, Appellant, v. L. T. STEVENSON, INC., Respondent.— In an action to recover damages for personal injuries sustained by plaintiff when he was assisting defendant's employee in replacing a flat tire on defendant's truck, during which process an alleged inadequate jack gave way, causing the wheel of the truck to fall upon and crush plaintiff's hand, judgment dismissing the complaint upon the merits at the close of plaintiff's case affirmed, with costs. The plaintiff was a volunteer to whom the defendant owed no duty. (*Bernhardt* v. *American Railway Express Co.*, 218 App. Div. 195.) Davis, Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote for reversal and a new trial, with the following memorandum: It is established by the record that the plaintiff was assisting the driver of the truck with the knowledge of the defendant. Changing tires on these heavy trucks is no more a one-man job than unloading a heavy case, or at least the jury might so find, as well also that there was an emergency requiring assistance. (*Manifold* v. *United States Trucking Corporation, Inc.*, 209 App. Div. 633.) The accident happened because the jack furnished by the defendant was too light to support the weight of the truck. It was a defective implement. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297.) The plaintiff made out a *prima facie* case.