LEON C. RICE, Plaintiff, *v.* ELI ISBELL et al., Doing Business as ELI ISBELL & SONS, Defendants.

Supreme Court, Trial and Special Term, Madison County, February 10, 1947.

*Nelson L. Neidhardt* for plaintiff.

*Joe Schapiro* for defendants.

Deyo, J. These are motions to dismiss the complaint, made at the conclusion of the plaintiff's evidence and renewed after all the evidence was in, upon which decision was reserved, and to set aside a verdict recovered by the plaintiff in an action for personal injuries allegedly suffered as a consequence of the negligence of the defendants' employee. The evidence disclosed that the plaintiff, a retired school teacher turned farmer, engaged the defendant to haul and saw into lumber some logs which the plaintiff had himself cut on his own premises and had piled on a loading platform or rollway of his own construction. The defendants undertook to perform this work through their employee, Claude De Clercq. On the appointed day De Clercq came to the plaintiff's home with the defendants' truck. The plaintiff, according to his own testimony, offered to help in the loading. His aid was accepted, and during the process one of the logs fell on the plaintiff's foot, causing the injuries complained of. Under appropriate instructions by the court, the jury has found that the defendants, through their employee, failed to pursue the ordinary and approved methods of loading logs, and hence, were negligent, and that such negligence was the proximate cause of the accident. The allegations of the complaint were broad enough and the evidence, although conflicting, was sufficient to warrant that conclusion. The motions to dismiss the complaint and to set aside the verdict on the grounds of failure of proof of negligence are therefore denied.

Similarly, the questions of the contributory negligence of the plaintiff and his assumption of the risks involved in the operation were questions of fact which the jury resolved in favor of the plaintiff. Since the evidence was sufficient to support such findings the verdict will not be disturbed on those grounds.

The real question presented is whether or not under the circumstances of this particular case, the doctrine of *respondeat superior* should be applied and the defendants thereby held liable to this plaintiff for the negligence of their employee, De Clercq. This in turn depends upon the status of the plaintiff at the time he was injured.

As was pointed out in *Gunderson* v. *Eastern Brewing Co.* (71 Misc. 519, 521), a person who is injured while aiding another in the performance of some task usually finds himself in a dilemma. If he was a mere volunteer, then the defendants owed him no duty and cannot be held liable for the injuries he sustained as a result of their employee's negligence. (*Duschnik* v. *Deco Restaurants, Inc.*, 276 N. Y. 439; *Harrington* v. *Stevenson, Inc.*, 255 App. Div. 1017; *Roberts* v. *Petrie*, 227 App. Div. 645, affd. 252 N. Y. 531.) And this is true even though the employee may have requested the plaintiff's assistance. (*Bernhardt* v. *American Railway Express Co.*, 218 App. Div. 195.) If, on the other hand, he was an "emergency employee," whose services were secured with the implied authority of the defendants, due to the fact that they had failed to supply their servant with the necessary means of carrying out his prescribed duties, then, too, he is barred from recovery from the defendants for the negligence of such servant under the familiar doctrine of the fellow servant rule. (*Mendala* v. *Wells*, 212 App. Div. 370; *Gunderson* v. *Eastern Brewing Co., supra*.)

I do not believe that the plaintiff comes within either one of these categories. Clearly, he was not a volunteer, for the jury has found under a specific charge to that effect, that the job was one which required more than one man and that the defendants should have been aware of that fact. That the plaintiff volunteered his assistance in the first instance, does not seem to me to be in any way controlling. The important factor is that the employee needed help and accepted the plaintiff's offer of assistance when it was made. Neither do I think that De Clercq's testimony that he could have done the job alone and, in fact, did load one log unassisted, is controlling. The question as to the necessity for help and as to the existence of an emergency must be and was determined by the jury from the circum-

stances of the case, and not from what De Clercq may have said or done after the accident happened. It seems likewise clear that the plaintiff was not an " emergency employee " of these defendants in the sense that he became barred from recovering damages under the fellow-servant rule. It is true that the necessity of the moment prompted his assistance and ordinarily, under such circumstances, he would be deemed an " emergency employee " with the accompanying disabilities. (*Fiesel* v. *New York Edison Co.*, 123 App. Div. 676.) The circumstances in the instant case, however, were not the same as are ordinarily encountered in cases of this kind. The plaintiff here had a definite interest in seeing that the job was done. He was no intruder or interloper. The logs were his. The rollway was his property. He had hired the defendants to haul and cut the lumber. They had arrived to do the job through their employee, Mr. De Clercq, with insufficient force to accomplish their contractual duty. He cannot, by any stretch of the imagination, be called an employee. He could have no claim for wages. He was not under the direction of the defendants. He was in exactly the same situation as was the plaintiff in *Bloss* v. *Pure Oil Co.* (133 Misc. 486). There, a garage owner was injured while assisting the employees of the defendant in moving a cement block during the process of installing a gasoline pump on the plaintiff's premises. The jury found that the accident was caused by the negligence of the defendant's employees. The court, SENN, J., pointed out that the plaintiff was neither a volunteer nor a fellow servant in that he had an interest in the work at hand, and since it was entirely proper for him to assist, it was the duty of the defendants' employees to do their work in such a way as not to cause him injury. To be sure, the efficacy of this particular decision is somewhat impaired by its subsequent reversal (230 App. Div. 749), but it must be noted that such reversal was based on error in the charge in respect to the doctrine of *res ipsa loquitur*, and not on the holding of the court as to the status of the plaintiff.

The distinguishing feature in the *Bloss* case (*supra*) and in the case at bar, is the fact that in each instance, the plaintiff had a definite interest in the work at hand. Having such an interest he cannot be held to be a mere volunteer who intrudes in matters in which he has no concern, nor can he be said to have submitted himself to the control and direction of the defendant as an employee. A person occupying such a status has been termed a " licensee with an interest ". (*Kelly* v. *Tyra*, 103 Minn. 176.) Although our own courts have not used that characterization,

the reported decisions do indicate that under circumstances such as are herein presented, the person injured may recover damages suffered as a result of the negligence of a defendant's employee, and will not be barred either because he is a volunteer or under the fellow-servant rule.

*Cannon* v. *Fargo* (222 N. Y. 321) seems to be the only other case directly in point. There, a railway gate tender was called upon to assist an employee of the defendant express company in unloading some packages, and was injured through the negligence of such employee. There was evidence to indicate that the plaintiff was under a duty to assist in order that his employer, the railroad company, might speed up transportation. The court permitted a recovery, pointing out at page 327: '' While such a man * * * might thus incidentally be of assistance and help to the express company and relieve it from some of its work, yet the widest stretch of the *ad hoc* doctrine would never make such an employee a servant of the express company. Such a theory would be so inconsistent with the actual facts as to render the whole doctrine an absurdity.'' And at page 328: '' It was part of his duties for his employer and for his employer's benefit, and the fact that in doing this work he assisted the express company did not make him the servant of the express company in the doing of it.'' And again at page 329: '' The plaintiff in this case was neither loaned nor hired to the express company, nor was he subject to the direction and orders of the express messenger. The fact that the express messenger called the plaintiff at times and might have given him instructions how to lift out the packages did not change the relationship.''

If a master may loan his servant to expedite work in which he has an interest without that servant becoming the employee of the other master, it must follow that a plaintiff who himself is the master, in furtherance of his own interests, may give his services without becoming the employee of the other party. (*Bloss* v. *Pure Oil Co.*, 133 Misc. 486, 490, *supra*.)

Although *Manifold* v. *United States Trucking Corporation, Inc.* (209 App. Div. 633) involved a case where the plaintiff had no interest in the work at hand, and hence is of little direct assistance to us, it is interesting to note that even under such circumstances, the court held that the questions as to whether or not the plaintiff was an emergency employee, the negligence of the defendant's employees and the plaintiff's own contributory negligence were issues of fact to be determined by a jury.

In *Lipari* v. *Bush Terminal Co.* (193 App. Div. 309, affd. 233 N. Y. 546) the plaintiff, an infant, was hurt while gratuitously assisting the defendant's employees in unloading a truck. There, too, the plaintiff had no interest whatsoever in the work at hand, but nevertheless, the refusal of the trial court to charge that the plaintiff became a fellow servant was sustained. A similar decision under somewhat similar facts was reached in *Geibel* v. *Elwell* (19 App. Div. 285). Although concededly, these last three cases are easily distinguished factually from the case at bar, they do indicate that an " emergency employee " does not, *ipso facto,* become a fellow servant and hence barred from recovery. (See, also, *Eckert* v. *Farrington Co., Inc.,* 262 App. Div. 9, 13.)

I do not feel that the cases cited by the defendants are in conflict with my conclusions. In *Denton* v. *Morgan* (166 App. Div. 117, affd. 223 N. Y. 591) the court found that the defendant company was under no duty to load the crate which caused the injury, but rather, it was the shipper of the goods whose employee was hurt and sought to recover who was required to do the loading. Furthermore, the plaintiff based his cause of action on the theory that he had become an employee of the defendant, which was not sustained by the evideince. In *Mendala* v. *Wells* (212 App. Div. 370, *supra*), *Harrington* v. *Stevenson, Inc.* (255 App. Div. 1017, *supra*), *Roberts* v. *Petrie* (227 App. Div. 645, *supra*), *Bernhardt* v. *American Railway Express Co.* (218 App. Div. 195, *supra*) and *Duschnik* v. *Deco Restaurants, Inc.* (276 N. Y. 439, *supra*), the plaintiffs had no interest in the work at hand. In the *Bernhardt* case (*supra*), particularly, the court stressed the lack of such interest in the plaintiff, while in the *Mendala* case (*supra*), the court carefully distinguished the situation therein presented from that found in *Cannon* v. *Fargo* (222 N. Y. 321, *supra*) where the application of the fellow-servant rule was specifically denied because of the existence of such interest in the plaintiff.

The defendants' motions to dismiss the complaint, made at the conclusion of the plaintiff's evidence, and renewed at the conclusion of all of the evidence, and to set aside the verdict of the jury, are denied, with exceptions to the defendants in each instance.