Hill, P. J.
Plaintiff-respondent has recovered a judgment against the defendants-appellants for injuries asserted to have been occasioned through the negligence of the appellants and their employee. Respondent conducted a small' farm upon Avhich he felled trees that were sawed into seven logs; these he placed on a “rollway ” or a loading platform. Appellants undertook to draw the logs to their saw mill to be manufactured into lumber, and sent a truck driven by an employee, De Clercq. Respondent, seeing the appellants’ truck and helper says, “ I went doAvn there to see Iioav he Avas getting along and volunteered to ask him if he needed help. * * * De Clercq replied in the affirmative. Two skids were used to form a bridge from the loading platform to' the truck rack upon Avhich the logs were to be placed. It had been determined that in the finished load, four logs would occupy the loAver tier Avith the other three placed upon them. The skids were sawed timbers five or six inches in width and two or three inches in thickness which appeared to have been used. The ends which were placed upon the log that formed the front part of the loading platform were not notched to prevent slipping or sliding. Three logs Avere placed upon the truck without incident, then De Clercq determined that the next log should be placed upon the second tier, and while it Avas being rolled from the loading platform the skids, being on a slant from the top of the third log on the truck to the loading platform, began to slip. Respondént and De Clercq lost control of the log- and it fell, injuring respondent. An expert'loader of logs was sworn. He said that the skids should have been notched to prevent them from sliding and that four, not three, logs should have been placed in the first tier, with the log nearest to the rollway immobilized by the use of chocks before beginning the second tier. The verdict indicates the jury found that the skids furnished by appellants were improper and defec *407 tive and that De Clercq’s failure to place chocks against the log on the truck was a negligent act.
The writer agrees with the statement by a former associate that “ The question of liability of the owner or master to one who voluntarily or by invitation of an employee engages in work and sustains injury, is generally troublesome.” (Bernhardt v. American Railioay Express Co., 218 App. Div. 195, 196.) The respondent was not a fellow servant of De Clercq; he was a volunteer and a party interested in the drawing of the logs.
It may be found that there was need of two men to load these logs, and that the business of the appellants was furthered through the proffered aid of respondent who owned the logs and was thus interested in the work. The respondent had a right to assume that the log trucker would furnish adequate and proper instruments and tools,' and that the employee in charge of the truck would act in a careful and prudent manner. There ivas proof of failure in these particulars. (Cannon v. Fargo, 222 N. Y. 321; Bernhardt v. American Railway Express Co., supra; Fiesel v. New York Edison Co., 123 App. Div. 676; Manifold v. U. S. Trucking Corp., Inc., 209 App. Div. 633; Geibel v. Elwell, 19 App. Div. 285.)
The judgment should be affirmed.
Heffernan, Brewster, Foster and Russell, JJ., concur.
Judgment affirmed, with costs. [See post, p. 979.]