Benjamin Brenner, J.
The defendant, an operator of a motor vehicle, seeks summary judgment in a personal injury suit brought against him by a pedestrian on the ground that the latter was contributorily negligent as a matter of law when he emerged between two parked buses and was instantly struck nearby the crosswalk. The pedestrian asserts that the traffic light was in his favor when he was compelled to cross as he did because the buses were blocking the crosswalk and because any other crossing would have exposed him to an even greater danger of being struck by vehicles in the stream of traffic. Plaintiff claims further that the defendant was driving rapidly, against a red traffic light and too close to the parked buses without regard to the foreseeable danger caused by the blocking of the crosswalk by the parked buses.
It is apparent that plaintiff relies upon his choice of the lesser of two dangers in order to exonerate himself from the claim that he was guilty of contributory negligence as a matter of law. Obviously such a contention would be unavailing as plaintiff must allege and prove himself free of all contributory fault even if the fault he acknowledges is one that is less likely to cause him danger than the fault he shunned.
However, the plaintiff uses the following language to describe his conduct: “I walked to the space behind the first bus and again observed the traffic light * * *. I then proceeded to step off the curb and cross the street at this opening between the standing vehicles. 1 observed no traffic moving east and west on 42nd Street and expected none since the light was red against such traffic.” These assertions of precautionary measures taken by the plaintiff, though difficult of proof in view of his further statement that when he was struck he ‘ ‘ had not managed to take even one full step,” nevertheless present a triable issue of fact on the question of plaintiff’s contributory negligence. In any event, they sufficiently plead plaintiff’s use of care to overcome the contention of contributory fault as a matter of law.
It might be useful here to repeat an observation made by Judge Crane in Cherubino v. Meenan (253 N. Y. 462): “ Every crossing accident differs; speed, surroundings, relative distance from the meeting point, all play an important part in determining reasonable care ”. The case at bar involves a crossing accident and therefore does not readily lend itself to summary disposition. It should also be borne in mind that rule 113 of *984 the Rules of Civil Practice, as currently amended and extended to personal injury suits, does not lessen the controlling principle which underlies a motion for summary judgment, namely, that a trial should not be denied if a single material issue exists to warrant trial (Closson v. Seaboard Sand & Gravel Corp., 238 App. Div. 584).
Motion denied. Submit order.