J. Courtney McGroarty, J.
In a negligence action, the plaintiffs move for summary judgment on the issue of liability on the ground that no triable issue of facts exists, and setting the matter down for the assessment of damages.
The opposition, although vigorous, is limited in scope, i.e., that the contributory negligence of the infant must be determined at a trial.
Before coming to grips with the problem presented, it is necessary that an exposition of the facts and the contentions of the parties be set forth:
On September 9, 1965, the infant plaintiff, then, just under 11 years of age, carrying out an errand for his mother, to purchase two pounds of ground fish, the traditional fare for holidays of the Hebrew calendar, entered the fish store of the defendant at 149 Lee Avenue, Brooklyn, New York. The boy announced his order, but the owner, defendant Joseph Tauber, busy with other customers, stated that the boy would have to await the requirements of four other patrons, but, if in a hurry as he claimed, the boy could “ take your tray and dump it into the grinder ” and “ I just said to him to throw the fish in Following this direction or invitation, the boy went to the grinder, the mouth or hopper of which was above his eye level and being apparently unable to ‘ ‘ dump ” or “ throw ’ ’ the fish therein because of its *684 height, and while the machine was not in operation commenced to insert pieces of the fish from the tray by hand. At this point, and while the owner was otherwise engaged in washing other customer’s fish with his left hand, and as the boy’s left hand was in the hopper near the worm (which pushes material to the cutting blades) and without looking in the infant plaintiff’s direction turned on the motor with his right hand ‘ ‘ right away. ’ ’ Immediately, upon hearing the child cry out and while standing there where he was, the defendant turned off the machine. Three fingers of the child’s left hand were amputated in the grinder.
The facts of the occurrences are unoontroverted. The sole issue raised by the defendant is the contributory negligence of the child and his need to prove his freedom therefrom.
To meet and overcome this contention the plaintiffs lay claim to the protection of the Labor Law and of the Industrial Code of the State of New York, because violation thereof is negligence per se, precluding the defenses of contributory negligence and assumption of risk. Plaintiffs allege that section 133 of the Labor Law, in effect at the time of the occurrence, reads as follows:
“ 1. Minors under sixteen. No minor under sixteen years of age shall be employed in or assist in * * *
“ g. operating washing, grinding, or mixing machinery.” (italics supplied) and that the Codes, Bules and Begulations of the State of New York (Labor tit. 12, known as Industrial Code) in its section 19.23 entitled “Food and Tobacco Industry Machines ” provided: “ (i) Meat, fish and other food grinders. Shall be provided with a hopper of such size and arrangement that the operator’s fingers cannot come in contact with the cutting or feeding knives or worm.” (Now 12 NYCRR 19.24.)
The description of the grinder, given by the defendant upon his examination (disposed of and replaced by him since the accident) reveals that no guard or arrangement was attached to the machine, as required by the Industrial Code. This fact is amply verified by the occurrence itself, as well as by the direct testimony of the defendant. Consequently, argue the plaintiffs, the child, “while assisting” in “operating” “grinding machinery ’ ’ without guards, may not be charged with contributory negligence.
To support this contention, the plaintiffs cite Ludwig v. Lowe (29 A D 2d 267, affd. 25 N Y 2d 853). That case defines the word ‘ ‘ employed ’ ’ appearing in the Labor Law ‘ ‘ that no child shall be employed, permitted or suffered to work in the erection of a building ” (p. 269) and held further that the trial court *685 should have determined as a matter of law that the infant was not an employee, since he was helping his half-brother in the construction of a house which was a noncommercial, the only reason for taking the case out of the purview of the Labor Law. At page 271 the court went on to say: “ In our view the child labor legislation encompasses only those activities incidental to a business or commercial establishment ”.
The court overruled the appellant’s argument that the literal meaning of the words ‘ ‘ assist in ’ ’ were not intended by the Legislature when it dropped the words “permitted to work ” from the former statute (L. 1909, ch. 36, § 93), but nevertheless dismissed the complaint on the sole ground of lack of commercial aspect of the defendant’s activity.
This court finds that the rationale of the Ludwig case is broad enough to encompass the facts of this case to include an infant who is utilized and directed to assist in and perform a function of a commercial enterprise, to wit: the fish business.
As a matter of fact, the whole thrust of the Child Labor Law is to prevent exactly that type of accident which occurred here, giving consideration, to the combination of the youthful inexperience of the plaintiff and the danger to which he was exposed (31 Am. Jur., Labor, § 722, p. 958).
Finding that the infant plaintiff is one of the class protected by statute, it follows that contributory negligence is ruled out as a defense to the plaintiffs’ causes of action (Koenig v. Patrick Constr. Corp., 298 N. Y. 313; Karpeles v. Heine, 227 N. Y. 74; Joyce v. Rumsey Realty Corp., 17 N Y 2d 118).
In Duschnik v. Deco Restaurants, a case involving a meat grinder (reported 276 N. Y. 439), Judge Lehman stated (p. 442): 1 ‘ Doubtless the defendant would be liable for any damages caused by such a defect to a person using such a machine at the request or upon the invitation of the defendant. ’ ’
The verdict for the defendant in the Duschnik case {supra) rested upon the fact that the invitation to use the machine was given by a fellow employee, whose authority was questionable, as distinguished- from the instant case, wherein the invitation, direction, instruction, or permission was expressly given by the owner himself. The defendant, in the case at bar, provided the means and permitted the dangerous unguarded grinder to a child under 11 years of age. The defendant’s negligence was therefore per se, serving to remove the element of contributory negligence from the case (Kavanagh v. New York, O. & W. Ry. Co. 196 App. Div. 384, 389).
*686 There are further reasons for so holding. Not only was there a neglect of duty to this child, by starting the motor of this dangerous instrumentality, frankly admitted in his own words, i.e., (“ I turned the switch while looking elsewhere,” “I didn’t look at Mr. G-enud’s direction,”) the defendant herein became the motivating factor which relieved the infant from any complicity in the ultimate injury and damage which ensued. Reliance on the direction or invitation excused the child of contributory negligence and imposed liability on the defendant. It has been held that an invitation such as was given here, may excuse the exercise of that degree of care which might be otherwise required. (Christensen v. Hannon, 230 N. Y. 205; McDonald v. Liggett Co., 241 App. Div. 913.)
It is enough that the defendant should have known that he was placing the plaintiff in a dangerous position, and should have exercised great vigilance, a duty which was his. The owner defendant was required to be attentive to his surroundings and to be equipped to make his attention effective, to prevent the accident. (Restatement Torts, § 479, p. 1254.)
In the opinion of the court, the concurrence of the age of the plaintiff, the invitation, the unguarded grinder (statutory violations), location and height of the grinder and the act of the owner in starting the motor, while looking elsewhere, all clearly and undisputably evidenced, leave no inference of fact in doubt, and compel the conclusion, as a matter of law, that the infant plaintiff did not forfeit his remedy against the wrongdoer, despite the defense of contributory negligence.
Ordinarily, that which is a question for jury resolution, may become a question of law alone, by reason of exceptional circumstances, particularly where the facts are undisputed. (Friess v. New York Cent. & H.R.R. Co., 67 Hun 205, affd. 140 N. Y. 639; Mangam v. Brooklyn R.R. Co., 38 N. Y. 455; Wendell v. New York Cent. & H.R.R.R. Co., 91 N. Y. 420; Gloshinsky v. Bergan Milk Transp. Co., 279 N. Y. 54.)
Highly regarded writers of texts on the subject of negligence have the following view of situations comparable to those in the case at bar.
Warrens’ New York Negligence (Vol. 5B, § 4.01) at page 941 states: “Reasonable care. It is not only to employees that a person using machinery may be liable for injuries.” and at section 4.02 11 Application of Labor Law. * '* * In any event, if the person injured, although not an employee of the owner, is permitted to use the machinery, then the provisions of the statute might apply. There is, however, the factor that the one injured would unquestionably have to come in the class of *687 an invitee.” Schwartz, Trial of Accident Cases (vol. 5, § 5303) has this to say: “ If the plaintiff’s actions are in.pursuance to the directions or invitation of the defendant or his agent, this fact may excuse the plaintiff from the charge of contributory negligence and impose liability upon the defendant. It is an affirmative act of negligence to direct a person to go where one knows there is a hidden danger without warning him thereof. ’ ’
Moreover, upon the argument of the motion it was conceded that if the statute applied to the facts herein, that the defense of contributory negligence would not be available to the defendant.
Accordingly, finding that no issue of fact exists in this case, but only questions of law resolved in favor of the plaintiffs, summary judgment is granted with respect to the defendant’s liability. Damages shall be assessed at Trial Term, Part I, at a time to be fixed in the order to be entered hereon.