■ KERWYN FARKAS, Respondent, v CEDARHURST NATURAL FOOD SHOPPE, INC., Appellant. In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Nassau County, dated August 22, 1975, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. No fact questions were presented. In this negligence action, plaintiff complains that he sustained injuries when, while trying to repair a lighting fixture in defendant's store at the request of one of defendant's employees, he fell from atop a wooden shelf. He alleges that he was plummeted to the floor when a display case, which was flush against the shelf, wobbled. In its motion for summary judgment, defendant contends that, assuming everything plaintiff says to be true, no cause of action exists since plaintiff was acting as a volunteer. Plaintiff was examined before trial. He there testified that he was the president of a clothing concern which does business across the street from defendant's shop, that he was a casual acquaintance of defendant's salesgirl, one Christine Noto, that on the day he was injured he went into defendant's store to borrow her newspaper, and that he believes he also purchased a package of raisins for 25 or 30 cents. In describing how he was hurt, he testified: "Q. Now, while you were in that store at that time, did you have a conversation with Christine Noto? A. Yes. * * * Q. What did Christine say to you at that time? A. At the time I came in the store? Q. Yes. A. Well, I bought the raisins, a little bag of raisins, I think I paid her, I think it was a quarter or thirty cents, I don't remember exactly, for it, and then I asked her if I could borrow her New York Times

to read for an hour and I'd bring it back, and then, I don't know what else, and she said, 'Kerwyn, could you possibly do me a favor?' I said, 'What?' She said, 'There's a wire loose because a plate fell down from a light and I'm a little worried about it. Would you possibly take a look at it and see if you could fix it for me?' * * * Q. What did you do? A. I said, 'Sure, I'll take a look at it for you and see if I can fix it.'" Notwithstanding the tenacity with which the courts have clung to the traditional role of the jury in personal injury actions which sound in negligence (see Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR, C3212:8, p 429), the Civil Practice Law and Rules does not bar the granting of summary judgment in negligence actions "if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212, subd [b]; *Andre v Pomeroy,* 35 NY2d 361; *Gerard v Inglese,* 11 AD2d 381; *Di Sabato v Soffes,* 9 AD2d 297). That is precisely the situation here, for the undisputed facts make it clear that, as a matter of law, plaintiff, as a volunteer, has no cause of action in negligence against defendant. In *Bernhardt v American Ry. Express Co.* (218 App Div 195), plaintiff was injured while he was helping defendant's driver unload another's truck at the driver's request. The Fourth Department, in reversing a judgment for plaintiff and dismissing the complaint, stated (p 197): "Whatever occurred was due, we will assume, to the negligence of the driver in attempting to take the trunks from the truck. We have then the simple question of the liability of the master for the act of a servant to one assisting the latter by unauthorized invitation where the injury occurred during the performance of a detail of the work. There seems to be little if any distinction between the nature of the duty owed to a person assisting by invitation and that owed to a pure volunteer. The plaintiff, under the circumstances here, cannot place himself in a better legal position than the servant with whom he works. * * * The master is no more liable to him for the servant's negligence than he would be to the servant for the plaintiff's negligence. The defendant had no knowledge of the situation which arose and could not well have anticipated what happened. *The servant by invitation * * * would impose no new or greater obligation on the master than that which the master owed to him. Nor could the invitee or volunteer create a new or greater liability by his act. The authorities sustain the principle of non-liability under such circumstances.*" (Emphasis supplied.) In *Harrington v L. T. Stevenson, Inc.* (255 App Div 1017), the trial court dismissed the complaint holding, as a matter of law, that plaintiff was a volunteer and that he had no basis for recovery. The dismissal was affirmed by this court, which stated: "In an action to recover damages for personal injuries sustained by plaintiff when he was assisting defendant's employee in replacing a flat tire on defendant's truck, during which process an alleged inadequate jack gave way, causing the wheel of the truck to fall upon and crush plaintiff's hand, judgment dismissing the complaint upon the merits at the close of plaintiff's case affirmed, with costs. *The plaintiff was a volunteer to whom the defendant owed no duty. (Bernhardt v American Railway Express Co.,* 218 App. Div. 195.)" (Emphasis supplied.) (See, also, *Cann v Dening,* 216 NYS2d 164; *Rice v Isbell,* 188 Misc 758, affd 272 App Div 405). Since plaintiff, on the basis of his own testimony, was a volunteer as a matter of law, he has no cause of action in negligence against defendant, even if it be assumed that the employee whom he was assisting was negligent. Latham, Acting P. J., Christ, Shapiro and Titone, JJ., concur; Margett, J., dissents and votes to affirm the order, with the following memorandum: The court today breaks

new ground by sanctioning the entry of a judgment on a record which, at this stage of the litigation, raises as many questions as it answers. It is beyond doubt that the statutory framework in which this appeal arises does not withhold the extraordinary relief of summary judgment from the parties to an action sounding in negligence (see CPLR 3212; *Andre v Pomeroy,* 35 NY2d 361). Yet, ever since the 1959 amendments to rule 113 of the former Rules of Civil Practice expanded the theoretical availability of the motion for summary judgment to virtually every form of civil action, actual practice has evinced an advisable and commendable degree of judicial restraint in foreclosing parties to negligence actions from presenting their actions or defenses (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, p 429). The remarkable restraint exercised by the judiciary, over the past 17 years, in repeated denials of summary relief in negligence actions, stands as a living vindication of the time-honored deference to the function of the lay jury, impartially drawn from the community at large, in determining the outcome of negligence litigation. The elusive, and even intangible, nature of the fault concept underlining the entire law of personal injury actions founded on negligence militates against summary determinations on motion papers. What constitutes negligence is a factual determination particular to the circumstances in which the injuries complained of were incurred. Verdicts or decisions in other actions furnish no rigid legal rules and set no immutable standards universally applicable outside of the factual setting in which the particular controversy arose, precisely because negligence arises from the breach of a duty circumscribed by the time, place and circumstances of the case to be decided (see *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; *Sadowski v Long Island R.R. Co.,* 292 NY 448; *Mink v Keim,* 291 NY 300). Even where the facts remain undisputed, the jury plays the crucial role of interpreting, analyzing and weighing them according to the standards of common law and common sense: "The question of negligence is for a jury when there is conflict in the evidence or when, though there is no such conflict, fair-minded men can draw more than one inference from the undisputed facts" *(Veihelmann v Manufacturers Safe Deposit Co.,* 303 NY 526, 530). In view of the multifaceted nature of the factors from which the legal conclusion of liability, or of nonliability, must of necessity be drawn, the burden should be heavy indeed upon the one who asserts that such a controversy is determinable on a motion. To grant summary judgment it would have to appear certain that, as a matter of law, recovery would be barred under any reasonable interpretation of the facts (see *Foran v Marsh & McLennan,* 29 AD2d 857; *Morello v Spielvogel,* 19 Misc 2d 982). The drawing of such a conclusion is not warranted from the submissions offered on this motion. The majority, to justify its disposition of the litigation at hand, advances the proposition that plaintiff acted as a mere volunteer. Yet the law has never been so rigid as to set a hard-and-fast bar on recovery in favor of one who gratuitously furnishes assistance to the employee of another, regardless of the facts. While such volunteers are generally denied recovery, the law is not so unyielding as not to recognize exceptions which the situation warrants. Much depends upon whether the person requesting the assistance has the authority to bind his employer, whether the injuries arise from the means furnished to reach the desired end or from some detail of the work, and whether the situation, in which the request for assistance is made, involves an emergency (see *Cannon v Fargo,* 222 NY 321; *Bradley v New York Cent. R. R. Co.,* 62 NY 99; *Bernhardt v American Ry. Express Co.,* 218 App Div

195, 196; *Manifold v United States Trucking Corp.,* 209 App Div 633; *Lipari v Busch Term. Co.,* 193 App Div 303, affd 233 NY 546; *Bellman v New York Cent. & Hudson Riv. R. R. Co.,* 42 Hun 130, affd 122 NY 671; 3 Warren's NY Negligence, Volunteers, § 2). On this record it cannot be determined, as a matter of law, that there was no emergency or that Christine Noto, defendant's only employee on duty, lacked the requisite competence to deal with the situation as it arose in defendant's shop on the December morning in question. There is someone who knows exactly what transpired in the shop that morning and who knows what authority she had in carrying on the business; she knows precisely what dangers were engendered by the wires dangling from the exposed overhead fixture. Yet, on this motion for summary judgment, there is no affidavit from that person. Surely, in the absence of an affidavit from Christine Noto, the store's only able employee then on duty, it is as rational to conclude, as common sense itself would dictate, that she in all probability had the requisite authority to cope with the situation as it arose, as it is to determine the contrary. It is noteworthy that, in none of the cases cited by the majority to bolster its conviction that plaintiff acted as a volunteer as a matter of law, was a determination of such proportion made on a motion for summary judgment. Rather, the results of those cases were the product of an informed resolution, after trials at which the plaintiffs had the very opportunity to fully develop and present all material considerations bearing on their causes, an opportunity now denied to this plaintiff. Surely, the transcript of an examination before trial of plaintiff, conducted by defendant's attorney, which fully develops only such information as supports defendant's position, furnishes a remarkably poor substitute for a genuine adversary trial on all of the issues posed by the present litigation. Accordingly, summary judgment should not be granted.