■ ARTHUR BARNES, Respondent, v SAM BURT HOUSES, INC., Appellant. [35 NYS3d 169]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated April 21, 2015, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence on the issue of liability, upon a jury verdict on the issue of liability finding it 55% at fault in the happening of the accident and the plaintiff 45% at fault, and upon a jury verdict and a stipulation on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $1,552,974.26.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability is granted, and the complaint is dismissed.

The plaintiff allegedly sustained personal injuries when he fell from an A-frame ladder inside the defendant's apartment

building. At trial, the plaintiff, a resident of the building, testified that he was walking in the maintenance room when the building porter, Dawoda Iddrisu, asked him to ascend an A-frame ladder to see if there were any stray cats in an air conditioning (hereinafter AC) vent. According to the plaintiff, he obliged and told Iddrisu to hold onto the ladder. The plaintiff went up four steps and observed the AC vent for about two to three minutes. As he attempted to take his first step down, the ladder wobbled, causing him to lose his balance and fall. Iddrisu was not holding the ladder. Iddrisu testified that he never asked the plaintiff to ascend the ladder, and that the plaintiff set up the ladder and ascended it without any assistance from him.

The plaintiff's theory of liability was that Iddrisu was negligent in letting go of the ladder as the plaintiff attempted to descend it. The plaintiff did not claim that the ladder was defective. At the close of evidence, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that it owed no duty of care to the plaintiff since he was a volunteer. The Supreme Court denied the motion.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Figueroa v City of New York*, 101 AD3d 674, 674 [2012]). "In entertaining such a motion, the trial court must view the evidence in the light most favorable to the opponent, affording him or her every favorable inference which reasonably may be drawn from the evidence" (*Gomez v Casiglia*, 67 AD3d 965, 966 [2009]).

Here, the Supreme Court should have granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. Under the circumstances, viewing the evidence in the light most favorable to the plaintiff, the plaintiff was a volunteer and had no basis for recovery against the defendant (*see Farkas v Cedarhurst Natural Food Shoppe*, 51 AD2d 793 [1976], *affd* 41 NY2d 1041 [1977]; *Harrington v Stevenson, Inc.*, 255 App Div 1017 [1938]; *cf. Chahalis v Sunrise Senior Living Mgt., Inc.*, 118 AD3d 659, 660 [2014]).

In light of our determination, we need not address the defendant's remaining contention. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.