JOSEPH PAWLAK, Appellant, *vs.* LEWIS M. SMITH *et al.*
Appellees.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

APPEALS AND ERRORS—*Supreme Court cannot go behind Appellate Court's findings of fact.* Where the Appellate Court, because it finds the ultimate facts different from those found by the trial court, reverses a judgment at law without awarding a new trial and recites its findings of facts in its judgment, the Supreme Court cannot go behind the finding to determine its correctness.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

FLYNN & LYON, (THOMAS B. LANTRY, of counsel,) for appellant.

MANN & MILLER, and GALE BLOCKI, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit is brought by Joseph Pawlak, by his next friend, in the superior court of Cook county, against Lewis M., Frank M. and Frederick G. Smith and Frank C. Otis, doing business under the firm name of L. M. Smith & Bro., to recover damages for a personal injury sustained by plaintiff, resulting from a fall down an elevator shaft. Plaintiff recovered a judgment in the superior court for $1500, and defendants appealed to the Appellate Court for the First District. Said Appellate Court reversed the judgment of the superior court but did not remand the case. The reason for not remanding it was, that the Appellate Court found the facts against the plaintiff and different from the finding of the trial court, and incorporated the facts as found by it in its final judgment. The judgment in plaintiff's favor in the superior court was rendered on November 18, 1905. The judgment of the Appellate Court reversing the judgment of the superior court was rendered October 18, 1907.

233—26

The declaration alleged that defendants were in possession of a certain seven-story building in the city of Chicago and had rented divers stories or floors of said building to divers tenants, and for the accommodation of the tenants defendants, by their servants and employees, operated a certain freight elevator to enable tenants to carry bundles and parcels from their respective floors to the street; that the elevator was operated in a shaft having an opening at each floor of the building and also an opening in an alley in the rear of the building for ingress and egress of parties using it. The declaration further alleged that the bottom of the shaft was fifteen feet below the alley landing, and that a platform at the alley landing enabled a person to pass from the elevator to the alley; that it was the duty of defendants to keep the entrance to the elevator from this platform closed or guarded when not open for the purpose of taking on or letting off passengers; that the defendants conveyed the plaintiff, who was carrying a bundle, to the alley landing, and after he had stepped from the elevator to the landing, defendants, through their employee operating the elevator, caused it to ascend without closing or barring the door of the shaft which opened on the alley landing, and that as plaintiff was about to step out into the alley, other parties unknown to plaintiff let certain drops of paint fall from above, and that plaintiff, while endeavoring to prevent the paint from falling on the bundle he was carrying, stepped into the open shaft and fell to the bottom thereof, greatly injuring him.

The building did not belong to defendants but belonged to a non-resident estate controlled by a non-resident trustee and defendants were the agents of said trustee. One of the controverted questions was whether the defendants were, as charged in the declaration, in the possession and control of the building and the servants employed in its management, or whether said servants were the servants of the owner and defendants were agents only for the purpose of renting

the building, collecting the rents and carrying out orders that might be given with reference to it. That the former was true was contended by plaintiff and that the latter was the fact was the contention of defendants. Appellant concedes that the question as to which of these positions was correct was a question of fact to be determined from the evidence. In his argument he contends that evidence that appellees were merely agents of a non-resident owner to rent its building was inadmissible, and says: "Whether they (appellees) were in possession of and operating the elevator in question was a fact for the jury, and it was not proper for the court to overrule the finding of the jury in that respect on the strength of evidence inadmissible under the pleadings."

The Appellate Court recited the following finding of facts in its judgment: "The court finds as a fact that it does not appear from the evidence that the defendants, or any of them, are guilty of the negligence alleged against them by the plaintiff in his declaration in this case."

The case is brought to this court by appellant upon the theory that under section 120 of the Practice act of 1907 the facts are open to review in this court, and practically the whole of appellant's argument is devoted to the proposition that the finding of the Appellate Court that appellees were not guilty of the negligence charged in the declaration resulted from its finding that they were not in the possession and control of the building and that the servant whose negligence is alleged to have caused the injury was not their servant. Whether this is correct or not does not appear from the judgment and the finding of facts recited therein. But whether this be true or not, the facts found by the Appellate Court are conclusive upon this court, and we are not permitted to go behind the finding made for the purpose of determining its correctness. (*Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302; *Hecker* v. *Illinois Central Railroad Co.* id. 574; *Manthei* v. *Belt Rail-*

*way Co.* 232 id. 568.)    The judgment of the Appellate Court was not reversed because that court disagreed with the trial court upon any question of law, but because it found the facts different from the finding of the trial court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*