JOHN T. JOHANSON, Defendant in Error, *vs.* THE WILLIAM JOHNSTON PRINTING COMPANY, Plaintiff in Error.

*Opinion filed April 23, 1914.*

1. NEGLIGENCE—*what elements are essential to actionable negligence.* Before there can be actionable negligence there must be a duty due from the person charged to the injured party, a violation of that duty and resulting damages.

2. SAME—*exception to rule that action must be brought against party causing injury.* It is a general rule that a party injured by the negligence of another must bring his action against the person who caused the injury, but an exception exists in case the person causing injury is a servant who is acting in the scope of his employment, in which case his negligence is imputable to the master.

3. SAME—*what necessary to bring a case within exception to general rule.* To bring a case within the exception to the general rule requiring a party injured to bring his action against the person causing the injury, it is necessary to show that such person was the servant of another and that the relation of master and servant existed at the time of the injury and in respect to the particular transaction out of which the injury arose.

4. SAME—*act of servant outside the scope of his employment is not chargeable to master.* Outside the scope of his employment a servant is as much a stranger to his master as any third person,

and an act of the servant not done in the execution of services for which he was engaged cannot be regarded as the act of the master.

5. SAME—*when lessee of a building is not liable for engineer's negligence.* Where an employee of a boiler company is sent by the agent of a building to inspect a boiler which the lessee of the building has complained of, and such employee comes to the building without notice to the lessee or any request upon the lessee for help, and while there asks the lessee's engineer to turn the water into the boiler, the act of the engineer in complying with the request is not the act of the lessee, and the latter is not chargeable with the negligence of the engineer in going away after turning on the water, with the result that the boiler company's employee was severely scalded before the engineer returned.

CARTER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

CHARLES J. O'CONNOR, J. C. M. CLOW, and R. HAROLD O'CONNOR, for plaintiff in error.

EDWARD J. QUEENY, and WILLIAM J. LACEY, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The William Johnston Printing Company, a corporation, the plaintiff in error, was in the possession of the building known and described as Nos. 190 and 192 Fifth avenue, Chicago, under a five year lease. Bond & Co. were the agents of the owner in managing and looking after the demised premises. The boiler in the engine room began to leak, and Robert E. Johnston, president of the printing company, called up Bond & Co. and informed them of the bad condition of the boiler, and thereupon Bond & Co. called up the Page Boiler Company and asked that a man be sent to look at the boiler and report to them. William Rossow was the engineer of the plaintiff in error and had

charge of the boiler and the engine room. In compliance with the request of Bond & Co. the Page Boiler Company sent defendant in error, John T. Johanson, to make an examination of the boiler. On arriving at the building defendant in error inquired of another tenant occupying the first floor the location of the engine room, and having received directions proceeded to the basement and there met Rossow, the engineer. The fire had been drawn from the fire-box under the boiler a few hours before defendant in error arrived. Rossow explained to defendant in error that the boiler leaked to such an extent that it could not be fired. There was no person present except Rossow and defendant in error, and their statements are in conflict as to the conversation that followed, but the affirmance of the judgment below by the Appellate Court requires us to assume that defendant in error's version of the conversation is true. He testifies that he told Rossow that he would go into the combustion chamber and find the trouble, and that he directed Rossow to turn the cold water in and not to go away until he was through with his examination. Defendant in error went into the combustion chamber and Rossow turned the cold water into the boiler. After turning the water on, Rossow, who also was in charge of an elevator, got upon the elevator in answer to a bell above and left the basement and was gone several minutes, leaving the water turned on. The cold water leaked out first through the openings in the boiler, and soon after the hot water commenced running in upon the defendant in error while he was in the combustion chamber and he was severely scalded and burned. Rossow finally returned and assisted him to get out. Defendant in error's damages were assessed at $2916, and the Appellate Court for the First District affirmed the judgment of the trial court for that amount.

Plaintiff in error insists that the judgment should be reversed for the reason that, conceding Rossow was guilty

of negligence in refusing to remain with defendant in error while he was in the combustion chamber, in any matter in which he attempted to assist defendant in error in making an examination of the boiler he was not in the line of his duty as an employee of plaintiff in error. It was at the request of Bond & Co., as agents of the owner of the premises, that defendant in error, an employee of the Page Boiler Company, went to examine the boiler. Defendant in error was a licensee upon the premises, and the law required plaintiff in error to exercise reasonable care to protect him from injury. Plaintiff in error had not been requested by defendant in error, or by his employer, to render him any assistance in making his examination of the boiler. Indeed, it does not appear from the evidence that plaintiff in error had any knowledge that defendant in error was on the premises at all. Rossow was requested by the defendant in error to turn on the water and to remain while he made the examination. Defendant in error was not in the combustion chamber when Rossow left and went up on the elevator, and the first notice he had that defendant in error was in a place of danger was when he returned to the engine room. Even if it be conceded that Rossow was guilty of negligence in not remaining in the engine room, as requested by defendant in error, we are unable to see how his negligence in this regard can be imputable to plaintiff in error. Before there can be actionable negligence there must be a duty due from the person charged to the injured party, a violation of that duty and resulting damages. If Rossow undertook, at the request of defendant in error, to render him any assistance in making his examination, in doing so he was not in the discharge of any duty that plaintiff in error owed to defendant in error. He was not in the line of his employment in obeying the command or request of defendant in error. If he had refused to turn the water on when defendant in error requested him to do so, his refusal would not have been a

violation of any duty that he owed to his employer. If Rossow had been injured while attempting to comply with the request of defendant in error, through some defect in the appliances which he was required to use in complying with such request, he could not have recovered from the plaintiff in error on the ground that it had failed to furnish him reasonably safe appliances or tools with which to do his work.

The general rule is that a party injured by the negligence of another must seek his remedy against the person who caused the injury, since such person is alone liable. To this general rule the case of master and servant is an exception, and the negligence of the servant while acting within the scope of his employment is imputable to the master, but to bring a case within this exception it is necessary to show that the relation of master and servant exists between the person at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and in respect to the particular transaction out of which the injury arose. Outside of the scope of his employment the servant is as much a stranger to his master as any third person, and an act of the servant not done in the execution of services for which he was engaged cannot be regarded as the act of the master. If the servant step aside from his master's business for some purpose wholly disconnected with his employment the relation of master and servant is suspended. The act of the servant during such interval is not to be charged to his master. This doctrine is established by substantially all of the authorities. (*Higgins* v. *Western Union Telegraph Co.* 156 N. Y. 75; 50 N. E. Rep. 500; *Standard Oil Co.* v. *Anderson,* 202 U. S. 215.) The same rule has often been recognized by this court. (*Pawlak* v. *Smith,* 233 Ill. 401; *Kehoe* v. *Marshall Field & Co.* 237 id. 470; *Harding* v. *St. Louis Nat. Stock Yards,* 242 id. 444.) Assuming all that the evidence proves or tends to prove to be true, it

does not establish a case of liability against plaintiff in error. This question is decisive of the merits of the case.

The trial court erred in refusing to direct a verdict for plaintiff in error, and the Appellate Court erred in refusing for that error to reverse the judgment of the trial court.

The judgments of the trial and Appellate Courts are reversed and the cause remanded to the trial court.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.