## Anna Mallory, Administratrix of the Estate of Gertrude Mallory, Deceased, Appellee, v. Day Carpet and Furniture Company, Appellant.

### Gen. No. 7,778.

1. MASTER AND SERVANT—*liability of master to one invited onto premises by servant.* A master is not liable for injuries caused by a servant to those invited onto his premises by a servant unless the latter is the alter ego of his master or has exclusive control of the premises or his negligence in causing the injury was wilful and wanton.

2. NEGLIGENCE—*care owing to licensee.* The owner of premises owes to one who enters thereon for his own business with no intent to transact business with the owner no higher duty to protect him from injury than he would to a trespasser.

3. NEGLIGENCE—*care owing to invitee.* The owner of premises owes to one who comes thereon through implied invitation to transact business of mutual interest a duty of using reasonable care for his safety.

4. MASTER AND SERVANT—*liability of master for acts of servant.* The master is not liable for injuries caused a third party by his servant's act done outside the scope of the latter's employment.

5. MASTER AND SERVANT—*master's silence as not consent making him liable for servant's act.* A servant's informing his immediate superior of his helping in the master's garage outside his scope of employment and not being told to discontinue does not make the master liable because of such silence for injuries to a third party invited into the garage by the servant.

6. MASTER AND SERVANT—*when master not liable for injuries to licensee on his premises.* A master is not liable for the death of a third party by the act of his servant, not alleged to be wilful and

wanton, occurring in a garage to which said party was invited by a second servant without authority while acting outside the scope of his employment.

Appeal by defendant from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1927. Reversed. Opinion filed September 24, 1927.

TODD, MORGAN, PENDARVIS & ARBER, for appellant.

VICTOR P. MICHEL, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Anna Mallory, as administratrix of the estate of Gertrude Mallory, deceased, in an action of case obtained a judgment for $4,000 against appellant, Day Carpet and Furniture Company, on account of the death of appellee's intestate, and an appeal has been prosecuted to this court.

At the close of the evidence on behalf of appellee, a motion was made by appellant to direct a verdict in its favor. The motion was overruled and appellant offered no evidence. Several grounds of reversal are urged but it is only necessary to consider whether the deceased was an invited guest, a mere licensee, or a trespasser in the garage of appellant at the time she was injured.

Appellant operated a store in Peoria, and in connection therewith used several automobiles. In the rear of the store was a one-story frame garage, about 20 feet wide and 75 feet long, in which 6 or 7 of these cars were kept. The garage was in charge of Willard Koch, an employee, whose duty it was to take care of the cars, see that they were properly supplied with oil and grease and to look after them generally. Inside the garage was a barrel or two of motor oil and a barrel of wood alcohol. Outside of it and buried in the ground was a gasoline tank connected with a pump on

the inside. The garage was heated by a furnace, set on the floor with no jacket around it.

Walter Smith was employed by appellant as an assistant carpet layer. He delivered no goods but used a truck to carry his tools and materials, which truck was kept in this garage. His hours of employment were from 8:30 in the morning until 5:30 at night, when his services ended. For about six months prior to the accident, he had been in the habit, after his day's work was done, of going once a week to the garage and assisting Koch in taking care of the cars. He did this work voluntarily and without the knowledge of appellant.

On the evening of January 21, 1926, he went to the garage and for about two hours helped Koch fill the cars with gasoline and oil. About ten o'clock he left the garage in his car and went to the Appollo Theatre where he met the deceased and they drove back to the garage. The night was cold; they left their car outside and both entered the garage. There was a fire burning in the furnace. Smith straightened up the work bench, put away some tools and cleaned up generally. Koch started to put some oil in one of the cars and as he did so there was a flash or explosion; the garage was filled with flames; all three were severely burned, and Gertrude Mallory died three days later.

The first, third and fourth counts of the declaration allege that the deceased was in the garage as an invitee of one of the servants of appellant. The second alleges that she was rightfully in the garage. All counts allege that one of the servants of appellant was engaged in filling the tank of one of the cars with gasoline, a high and dangerous explosive; and that said servant so carelessly and negligently handled and poured said gasoline that the same ignited and exploded. The third also alleges that because the gasoline was a high and dangerous explosive, it was the duty of appellant to exercise the highest degree of

care and diligence to keep the same from igniting and injuring the deceased. The fourth count alleges that it was the duty of appellant to use reasonable care and diligence in handling said gasoline to prevent it from igniting and injuring the deceased. No count alleges wilful and wanton misconduct, or a wilful or wanton injury to the deceased. Appellant filed the general issue and two special pleas denying that deceased was rightfully in the garage, or was in the garage as an invitee.

Under the doctrine of *respondeat superior*, a master's liability to persons invited by his servant to come upon the premises of the master depends upon the authority of the servant to extend the invitation. Except where the servant is an *alter ego* of the master, or has been placed in exclusive management and control of the premises of the master, he has no implied authority to invite persons to be on the premises and the master is not liable for injuries which such persons may sustain through the negligence of the servant, unless the injury is wilful and wanton. (39 C. J., sec. 1499, page 1300.)

In *Pauckner v. Wakem*, 231 Ill. 276, on page 279, the court said:

"In a strict and legal sense there is a well defined distinction between a mere licensee and one who comes upon the premises of another by invitation, express or implied. In its general sense, one upon the premises of another by invitation is a licensee, and if sued for a trespass his defense would be 'leave and license' of the owner; but in a strict and somewhat technical sense, to come upon premises under an implied invitation means more than a mere license,—means that the person is there for a purpose connected with the business in which the occupant is engaged or which he permits to be carried on. (*Plummer v. Dill*, 156 Mass. 426, 31 N. E. 128; *Illinois Cent. R. Co. v. Hopkins*, 200 Ill. 122.) It will be found that the distinction between

a visitor who is a mere licensee and one who is on the premises by invitation turns on the nature of the business that brings him there, rather than on the words or acts of the owner which precede his coming. Permission involves leave and license but it gives no right. If one avails himself of permission to cross another's land, he does so by virtue of the license and not of right. The permission of license is a justification for his entry, and while he is not technically a trespasser, yet the duty of the owner to guard him against injury is governed by the rules applicable to trespassers. (*Watts v. Jensen,* 46 L. R. A. 58 [86 Fed. 658], and cases cited in note.) One who enters a mine or factory by the permission of the owner, merely to inspect the premises and the work there being carried on, for purposes of his own and not with a view of transacting any business with the owner, is a mere licensee, and the owner owes him no higher duty to protect him from injury while upon the premises than he would if he were a trespasser. The duty to one who comes thereon by the owner's invitation to transact business in which the parties are mutually interested is to exercise reasonable care for his safety while on that portion of the premises required for the purpose of his visit. Under such circumstances the party is said to be on the premises by implied invitation of the owner. (*Kennedy v. Chase,* 119 Cal. 637.)''

In *Johanson v. William Johnston Printing Co.,* 263 Ill. 236, on page 240, the rule is stated as follows: ''The general rule is that a party injured by the negligence of another must seek his remedy against the person who caused the injury, since such person is alone liable. To this general rule the case of master and servant is an exception, and the negligence of the servant while acting within the scope of his employment is imputable to the master, but to bring a case within this exception it is necessary to show that the relation of master and servant exists between the per-

son at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and in respect to the particular transaction out of which the injury arose. Outside of the scope of his employment the servant is as much a stranger to his master as any third person, and an act of the servant not done in the execution of service for which he was engaged canot be regarded as the act of the master. If the servant steps aside from his master's business for some purpose wholly disconnected with his employment, the relation of master and servant is suspended. The act of the servant during such interval is not to be charged to his master. This doctrine is established by substantially all the authorities. (*Higgins v. Western Union Tel. Co.*, 156 N. Y. 75, 50 N. E. 500; *Standard Oil Co. v. Anderson*, 212 U. S. 215.) The same rule has often been recognized by this court. (*Pawlak v. Smith*, 233 Ill. 401; *Kehoe v. Marshall Field & Co.*, 237 Ill. 470; *Harding v. St. Louis Nat. Stock Yards*, 242 Ill. 444.)''

In *Cullen v. Higgins*, 216 Ill. 78, the injured person was a waitress employed by the defendant and roomed on the third floor of the hotel of the defendant. There were two doors to the elevator. She went to the door back of the elevator operator. A bell boy, who had nothing to do with the operation of the elevator, opened the door and she started to enter. The elevator operator started the elevator and she was injured. It was held that the bell boy had nothing to do with the operation of the elevator, and that his act was not the act of the defendant which made the defendant liable for the injury. In *Northwestern El. R. Co. v. O'Malley*, 107 Ill. App. 599, a boy was injured by being struck by a piece of iron which fell from the elevated railroad then being constructed. There was some evidence that children had been invited by the workmen to go under the elevated tracks to pick up chips. The preponderance of the evidence showed that no chips

were made or thrown down on the day of the accident. It was held that there could be no recovery because of an invitation by any of the workmen not growing strictly out of the discharge of their duties.

In *Formall v. Standard Oil Co.*, 127 Mich. 496, the defendant owned a barn which was in charge of a servant who hired and discharged his assistants. A laborer who had no authority on the premises, except as a laborer, invited certain children to come upon the premises and help around the barn. While in the barn one of the children was killed. It was held that the laborer had no authority to extend the invitation and that the defendant was not liable for the death.

In *Ridley v. National Casket Co.*, 161 N. Y. Supp. 444, the plaintiff paid a friendly visit to an employee of defendant who was working on the premises. The employee took his friend upstairs and as the visitor started to leave the premises he was injured. It was held that the defendant was not liable for the reason that the visitor was a mere licensee.

In *Butner v. Brown Bros. Lumber Co.*, 180 N. C. 612, it was held that a common laborer, whose duty it was to attend a machine in a mill, had no implied authority on behalf of his master to invite into the mill a child who wanted to get some strips of wood cut by the machine, where it was contrary to the rules of the mill to permit children in the mill, and that there could be no recovery for an injury sustained.

In the case at bar, Walter Smith was employed by appellant to lay carpets. That was his sole duty. Incident thereto he used a truck to carry his tools and merchandise. He made no deliveries and was in no way a truck driver. His hours of labor ceased at 5:30 p. m. He testified that he sometimes worked an hour later when he could finish the job he was engaged upon. After his labors were over his time was his own to be used as he saw fit. He was under no obligations to appellant after his day's work was over and

he received no pay from appellant for anything done in the evening. It is apparent that his work at the garage was a mere accommodation to Koch. His duties did not call him there and he was not employed or paid by appellant during those hours. Smith testified that he told his immediate superior that he was helping in the garage and was never told to discontinue doing that kind of work. The information thus given to his immediate superior did not make Smith the servant of appellant with authority to invite the deceased into the garage so as to bind appellant. Smith chose to go to the garage as a mere volunteer or visitor. Appellant might have denied him that right but was under no obligations to do so in order to escape liability.

The undisputed evidence shows that Smith was not the servant of appellant with authority to invite the deceased into the garage. If Gertrude Mallory was not an invitee, then the only duty which appellant owed her was not to wantonly and wilfully injure her. The declaration contains no charge of wilful and wanton injury and no recovery can be had on that ground.

Under the evidence as introduced, appellee failed to make out a cause of action under any count of the declaration and the court should have directed a verdict for appellant.

For the reason that there can be no recovery in this case under the facts, the judgment will be reversed but the cause will not be remanded.

*Judgment reversed.*