JEANNE VOIRIN, Plaintiff, *v.* COMPAGNIE GENERALE TRANSATLANTIQUE, Also Known as THE FRENCH LINE, Defendant.

Supreme Court, New York County, November 27, 1933.

*S. Seligsohn,* for the plaintiff.

*Haight, Smith, Griffin & Deming [E. R. Kraetzer* of counsel], for the defendant.

WALSH, J. Plaintiff, an employee of defendant's passenger, visited the steamer to bid her employer adieu, but did not find him. As she was leaving the boat, she was injured, not by a condition of the " premises," but by the active negligence of the defendant. In order to obtain access, plaintiff had to obtain a pass, for which she paid ten cents. I adhere to my ruling on the trial that that pass (indicating in writing defendant's permission to plaintiff to board the ship) has nothing to do with the solution of the problem here. Where a passenger buys transportation on a boat for a deep-sea trip, he buys the right to have his friends and relatives bid him good-bye on the ship. Tradition is persistent, and the human mind remembers the time when an ocean trip was a dangerous thing and when there was an ever present recognition of the possibility of a disaster which would prevent a future meeting between the passenger and those he loves or respects. That contingency has not been wholly eliminated even in present times. The passenger is, therefore, by his purchase of a ticket, allowed to invite his friends on board to wish him Godspeed. When he does so invite, his invitee

is entitled to all the immunities to which an invitee of defendant is entitled. Indeed, the visitor is an invitee of the defendant. That is not so with respect to a passenger on a ferryboat or on a train. There is no infixed idea of danger attached to a trip on a ferryboat, a traveling car, or a train. It seems to me that we can assume that the passenger here impliedly invited his employee to this ship. Had he been present and welcomed her, there would be no doubt. Assuming, however, that there was no invitation, then the defendant owed plaintiff a duty not to do anything affirmative to injure her. At least she absolved the defendant only from the passive duty of leaving a dangerous condition as it was. To paraphrase, " she took the premises as she found them." But defendant cannot escape from liability for its active negligence. It could not with impunity run into her with a hand truck. Defendant relies on statements of the law to the effect that defendant owes plaintiff only the duty to refrain from " intentional or wanton injury." (*Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240.) If an act is wanton, it is not negligence, but is trespass. That extract says the rule laid down applies only when the defendant is " not chargeable with active negligence." The defendant owed the plaintiff here, whether she was a " licensee " or an " invitee," the duty to do no affirmative act which would injure her. That duty it violated.

Verdict for the plaintiff, Jeanne Voirin, for the sum of $2,000 is directed under the stipulation. Exception to defendant. Thirty days' stay and sixty days to make a case.