HAROLD HALVERSON, Respondent, *v.* 562 WEST 149TH ST. CORPORATION et al., Defendants, and RENROSE REALTY CORPORATION, Defendant-Appellant.

Argued January 12, 1943; decided March 4, 1943.

*Sidney J. Loeb, Charles H. Lane* and *Leo F. Potts* for appellant.

*Charles A. Loreto* for respondent.

Lewis, J.  Our inquiry upon this appeal goes to the single question whether there is any evidence sufficient in law to sustain the judgment against the defendant-appellant, which awards damages to the plaintiff for personal injuries.

The plaintiff, during a period of his unemployment, was afforded meals and was given small sums of money by his brother who was the superintendent of an apartment house leased and operated by the defendant-appellant.  Occasionally when the plaintiff's brother was ill or when he needed help in work about the building, the plaintiff gave assistance.  The plaintiff admits that he was not paid at any time for the work which he did.  Indeed, in his brief as respondent upon this appeal the plaintiff admits that he was not an employee of the defendant.  When his brother, the apartment superintendent, was called as a witness and was asked to state the circumstances under which the plaintiff assisted him in his work, he testified — "He didn't do it much, but when it was to be done he volunteered to do it."

We are concerned here with an occasion when the plaintiff's brother had directed a plumber to disconnect a radiator in the entrance hallway of the apartment house and to remove the radiator to an upper apartment. In accomplishing that change the plumber, being unable to loosen one of the radiator bolts, used a chisel and hammer which the plaintiff's brother had furnished. During the plumber's effort to dislodge the bolt the plaintiff stood three feet away holding a lighted flash lamp which his brother had supplied and had requested him to hold at such an angle that it cast its light upon that part of the radiator where the plumber was working. The plaintiff's witnesses differ as to whether the plumber was " banging " on the radiator or on the bolt. However, the evidence is clear that the " banging " which occurred while the plumber was using the hammer and chisel had gone on uneventfully for a period of five or ten minutes when a minute piece of metal struck the plaintiff's eye causing serious injuries. The evidence does not disclose the source from which came the small piece of metal which struck the plaintiff — whether from the bolt, the radiator or from one of the tools which the plumber was using.

In the present action the plaintiff had a judgment at Trial Term against the defendant-appellant, which has been affirmed at the Appellate Division, one justice dissenting.

There is evidence from which the jury could have found that at the time of the accident the plaintiff was an invitee upon the defendant's premises. Considering him as such, the measure of the defendant's duty was the exercise of reasonable care toward the plaintiff who at the time of the accident was assisting the defendant's agent, the plumber, in the performance of a simple mechanical act — not one which was inherently dangerous.

But aside from evidence that the accident occurred, we find no proof of actionable negligence by the defendant or its agent. " One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person. If the harm was not willful, he must show that the act as to him had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended." (*Palsgraf* v. *Long*

*Island R. R. Co.*, 248 N. Y. 339, 345.) Evidence to that end is lacking here.

True, it is now suggested by the plaintiff-respondent that the jury might have found that in the performance of the work which was in progress when the plaintiff was injured, the plumber, in the exercise of reasonable care, should have used different tools from those which he chose; that he should have arranged for the use of an electric light on an extension cord which would have made unnecessary the use of a flash lamp; that he should have improvised screens or guards around the radiator upon which he was working to prevent injury to those who might be standing near. But these and other like suggestions are now made " looking back at the mishap with the wisdom born of the event." (*Greene* v. *Sibley, Lindsay & Curr Co.*, 257 N. Y. 190, 192.)

No evidence was offered by the plaintiff to show that, in the manner in which the plumber performed the particular work he had undertaken, he acted contrary to the common usage and practice of his trade by which a standard of care appropriate to such work had been created. In the absence of such evidence the jury, looking back at the event, may not base a finding of fault upon conjecture as to what means could have been adopted to avoid the accident. " The failure on the part of a defendant to observe some duty of care, or precaution, owing to the plaintiff, generally or specifically, will constitute negligence and will give rise to a cause of action for resultant injury; but it should be established by the evidence, directly, or upon clear inferences from the facts. It cannot rest upon conjecture simply." (*Holland House Co.* v. *Baird,* 169 N. Y. 136, 142.)

We do not find in the record before us proof of facts by which a breach of duty owing by the defendant to the plaintiff was established either directly or by clear inference.

The judgments should be reversed and the complaint dismissed with costs in all courts. (See 290 N. Y. 670.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.