ALEXANDER GIGLIO, Appellant, *v.* BARNEY RUBIN, Doing Business as BARNEY'S FRUIT & VEGETABLE MARKET, Respondent.

First Department, May 1, 1951.

*Mack F. Goldman* of counsel (*Goldman & Goldman,* attorneys), for appellant.

*William E. Lyons* of counsel (*Cohen & McGuirk,* attorneys), for respondent.

McCurn, J.   This is an appeal from a judgment entered upon a nonsuit and dismissal of the complaint at the end of plaintiff's case after a jury trial.

The action is to recover damages for personal injuries sustained by the plaintiff while assisting an employee of the defendant in the performance of his duties, at the request of the employee.

Defendant conducts a fruit and vegetable market in connection with which he maintains an outside fruit stand.  The stand is on ball-bearing rollers and is movable.  A scale is suspended immediately above the stand from a hook at the end of a steel bar extending from the wall.  About 6:00 A.M. on Sunday, April 25, 1948, defendant's father, Julius Rubin, arrived at the

store and began to prepare for the day's business. Plaintiff, a taxi driver whose hack stand was nearby, knew the defendant and his father. He and two other cab drivers were in the vicinity of the store when Julius asked if one of them would help him hang the scale. Plaintiff, who was the closest, said he would do so if Julius would hold the stand so that it would not roll out from under him. Julius agreed, whereupon plaintiff got on top of the stand; Julius handed the scale to him and while in the act of lifting the scale up to hang it on the hook, felt the stand shift towards the curb. He looked around and found that Julius had left the stand and gone into the store to get some of the merchandise that was to be brought out. As the stand moved towards the curb plaintiff reached up to get hold of the steel bar and in doing so a ring on his finger caught on to the hook and as he fell to the ground his finger was torn off.

At the end of the plaintiff's case the trial court struck out the testimony of the conversation had between Julius and plaintiff, on the ground that it was not binding upon defendant since no employer-employee relationship had been established. He then granted a motion to dismiss the complaint on the ground that no actionable negligence had been proved.

The testimony presented, as we view it, questions of fact as to the negligence of Julius, and as to the contributory negligence of the plaintiff. However, the defendant may not be charged with the negligence of Julius, unless his alleged negligent acts were within the scope of his authority as the defendant's agent (*Bernhardt* v. *American Ry. Express,* 218 App. Div. 195, 197; *Sharp* v. *Erie R. R. Co.,* 184 N. Y. 100, 105).

The defendant was not present at his place of business on the morning of the accident. Julius was defendant's sole representative present and in charge of the store. The plaintiff testified that defendant's father, Julius, opened the store on that morning, that he had known Julius, had seen him at the store for a period of about two and one half years and " On Sundays especially he would open the store and run the business all day." Management and control of the premises and the business conducted thereon would normally include some freedom of judgment and discretion on the part of the agent in charge as to the manner and method of preparing the store for the business of the day. Apparently it was a necessary part of such preparation to place the movable stands in position to display the merchandise for sale and also to place the scales in their usual position. The hook upon which the scale

was to be fastened was apparently too high for the normal reach. Julius, whom plaintiff describes as an " old gentleman " asked the plaintiff, a younger man thirty-three years of age to climb upon the movable stand and fasten the scale upon the hook. Julius in turn, according to plaintiff, agreed to hold the stand to prevent it from moving while plaintiff stood upon it.

The plaintiff's inability to produce any direct evidence as to the scope of the authority of Julius is not necessarily fatal to his case. We think that from the undisputed testimony that Julius was in charge of the premises and the business, and from the general nature of his duties and the circumstances under which he acted, a jury might reasonably draw the inference that his acts in question were within the general scope of his authority. In such a situation the scope of the agent's authority is ordinarily a question of fact for the jury. (See *Rounds* v. *Delaware, Lackawanna & Western R. R. Co.,* 64 N. Y. 129; *Collins* v. *Butler,* 179 N. Y. 156; *Curran* v. *Buckpitt,* 225 App. Div. 380, 382; *Sharp* v. *Erie R. R. Co.,* 184 N. Y. 100, 105, *supra*; *Buck* v. *Standard Oil Co.,* 224 App. Div. 299, 300.)

Plaintiff was not in the category of an employee or a fellow servant of Julius. He was there at the invitation of Julius, under circumstances from which the inference is permissible that he was an invitee to whom the defendant owed a duty of reasonable care. (See *Ferro* v. *Sinsheimer Estate, Inc.,* 256 N. Y. 398, and *Halverson* v. *562 West 149th St. Corp.,* 290 N. Y. 40.)

The conversation between Julius and the plaintiff was a part of the *res gestae* and also constituted in part the act for which the defendant is being sued and it was error to strike out the testimony. (See *Golden* v. *Horn & Hardart Co.,* 244 App. Div. 92, 94, affd. 270 N. Y. 544.) We conclude that plaintiff's evidence presented a question of fact and that it was error to grant defendant's motion for nonsuit and dismissal of the complaint. The judgment appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

SHIENTAG, J. (dissenting). Plaintiff, a cab driver, usually kept his cab at a stand opposite defendant's fruit and vegetable store. Defendant's father, opening the store at about 6:00 A.M. one Sunday, asked a group of cab drivers to lend him a hand in setting up a scale above a movable vegetable stand outside the store. Plaintiff offered to assist defendant's father, cautioning him to hold the movable stand steady while he hung

the scale on its hook. However, as plaintiff attempted to hang the scale, defendant's father went back into the store to carry out some merchandise, and the stand began to roll. Plaintiff grabbed for the bar on which the scale was to be hung, caught a ring on his finger on the bar and fell to the ground, tearing off his finger.

The court below granted defendant's motion at the close of plaintiff's case to strike the testimony relating to certain conversations between defendant's father and plaintiff. I agree with the learned majority that this exclusion was error. However, even if the conversations are considered as part of the record, I am of the opinion that plaintiff has failed to make out a prima facie case against defendant. When a complaint is dismissed at the close of a plaintiff's case, he is entitled to the most favorable inferences that may be drawn from the testimony adduced by him. That does not mean, however, that missing essential elements may be supplied.

Plaintiff failed completely to establish that defendant's father had authority, express or implied, to procure outside assistance. No express authorization was claimed. Such authority is implied only under certain circumstances, for example, where there is an emergency requiring outside assistance; where the employee was engaged in a task as to which the employer knew (or should have known) that outside assistance would be necessary; where the employee has supervisory powers of management; or where such outside assistance was utilized in the past and the employer acquiesced therein. No such situation was here presented. (*Marks* v. *Rochester Ry. Co.*, 146 N. Y. 181; *Mandala* v. *Wells*, 212 App. Div. 370.)

In *Marks* v. *Rochester Ry. Co.* (*supra*), ANDREWS, Ch. J., said (p. 189): " It is not claimed that the driver had any general authority to employ servants for the defendant. If he had authority to employ assistance under the circumstances of the case, it was an authority outside of the general scope of his employment. Clearly he had no authority, express or implied, to call upon bystanders to assist him in the discharge of any service which he himself could reasonably perform. If third persons undertook upon his solicitation and for his convenience to assist him in extricating the car from the blockade, when he could have accomplished the work himself, no authority to employ assistance could be implied."

Here there was no evidence of any emergency or any need for outside assistance. In fact, the record indicates that defendant's father was taller than plaintiff whom he asked to assist

him. There is, moreover, nothing to indicate that defendant's father had on any prior occasion asked for assistance in the hanging of the scale.

Nor would the mere fact that the injury occurred while plaintiff was on defendant's premises warrant recovery by plaintiff. In *Duschnik* v. *Deco Restaurants* (276 N. Y. 439) the plaintiff was invited by one of the defendant's employees to assist him in his work one Sunday. In so doing, the plaintiff was injured while using an improperly constructed machine for which the defendant had failed to provide suitable safeguards. Nonetheless, it was held that the plaintiff could not recover since he failed to show that the employee was authorized to invoke his assistance.

It is also contended that defendant's father acted in a supervisory capacity on Sundays and therefore had implied authorization to seek assistance on that day. This contention must find its entire support in a single sentence in the record: " Q. And prior to the accident had you seen Julius Rubin work at or about the store? A. Yes. On Sundays especially he would open the store and run the business all day."

This indefinite statement cannot justify attaching liability for implied authorization of the employee's act. There is nothing to indicate that the duties of defendant's father involved any management or supervisory powers. Plaintiff testified as to the father's duties:

" Q. What type of work does Julius do around the vegetable stand? A. Well, he packs the fruit and sells it to the customers that come in.

" Q. He opens the store on many occasions? A. Every Sunday morning."

There is nothing in the record to show that, at the time of this accident, the conditions of the father's employment were any different from what they were during the week. Typical of the cases where liability was imposed on the theory of management powers is *Ferro* v. *Sinsheimer Estate, Inc.* (256 N. Y. 398) where the Court of Appeals found implied authority to procure outside assistance. But there, the defendant had for many years been the superintendent of the building. He had " general authority and full control of the building " (p. 402) and " hired the help which he needed in operating it." (P. 399.) " He was authorized to clean the cables [the job on which plaintiff was injured] or to cause another to do it for him." (P. 402.)

The judgment should be affirmed, with costs.

Cohn and Callahan, JJ., concur with McCurn, J.; Shientag, J., dissents and votes to affirm, in opinion in which Peck, P. J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.