(April 21, 1953.)

LEONARD SIMON, an Infant, by EDWARD SIMON, His Guardian ad Litem, et al., Appellants, *v.* ORA REALTY CORPORATION, Respondent, et al., Defendants.

*Per Curiam.* The record is without any proof that defendant's [respondent's] employee, an unidentified person, was authorized to use the assistance of anyone else, or that such authority may be implied from the duties to be performed. Although plaintiff [infant] had examined defendant before trial, the examination was not used on the trial. Consequently, there was no proof of the duties or responsibilities of the employee, never identified, let alone of any authorization to use assistance. It is not even clear as to how many persons were employed at the premises, an important factor in determining implied authority to use assistants. It was not without significance that plaintiff did not prosecute promptly his appeal from a decision at a trial that terminated just six years ago.

The judgment should be affirmed.

CALLAHAN, J. (dissenting). The plaintiff, a boy thirteen years of age, and his twin brother were requested by the defendant's janitor to assist in hoisting loaded ash cans from the cellar of a tenement house to the sidewalk. The plaintiff was injured when one of the cans fell back into the shaftway and fractured his leg. The can was being lifted by the janitor, who was on the

sidewalk operating a hoisting crane. He had given instructions to the plaintiff's brother to fasten the hoisting rope around the cans and secure it by "hooking" the end to the handles. This particular can, however, had no handles, and the plaintiff's brother had attached the hooks at the end of the rope to some holes or indentations at the rim of the can.

The trial court took the case from the jury in granting the defendant's motion for dismissal of the complaint and nonsuited the plaintiff. Accordingly, the plaintiff is entitled to the most favorable inferences that can be drawn from the meagre proof in the record.

We think that the plaintiff, although unduly restricted in his offer of proof, adduced sufficient evidence to present a question of fact for the jury's determination as to the lack of reasonable care on the janitor's part in failing to warn the infant plaintiff of the danger connected with the work of hoisting the cans, as well as the janitor's negligence in the manner of hoisting and his omission to supervise properly the fastening of the rope to the can that caused the plaintiff's injury.

This brings us to the question of law with respect to a master's liability for the acts of his servant in employing another to assist him in his work. The general rule, no doubt, is that in a case where the servant's work is such that he can perform the same without help, he acts outside the scope of his employment when he engages another to assist him. In the circumstances of this case, however, and considering the nature of the task, we think that there was also a question for the jury as to whether the defendant's janitor, who was apparently in charge of the building, had the implied authority to employ or seek assistance in the work of hoisting the cans from the cellar to the street level. (See *Giglio* v. *Rubin*, 278 App. Div. 200.)

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Cohn, J. P., Van Voorhis and Breitel, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents and votes to reverse and order a new trial, in opinion.

Judgment affirmed, with costs.