ALEC WILDER, Respondent, *v.* SHIRLEY O. AYERS, as Executrix of LEMUEL AYERS, Deceased, et al., Appellants.

First Department, October 23, 1956.

*Norman C. Mendes* of counsel (*John F. X. Finn* with him on the brief; *Casper B. Ughetta,* attorney), for appellants.

*Charles Gottlieb* of counsel (*Harold L. Schiff* with him on the brief; *Gottlieb & Schiff*, attorneys), for respondent.

BREITEL, J. Plaintiff recovered a judgment, after jury trial, in a personal injury negligence action. He sustained a fractured arm, while on premises belonging to defendant and her decedent. Plaintiff had been a week-end social guest on premises located in Rockland County. Defendant appeals, urging that, as a matter of law, plaintiff's status as a social guest, and therefore as a licensee, never changed to that of invitee. On that ground, defendant contends there was no evidence to sustain the verdict and judgment in favor of plaintiff.

The judgment should be reversed, the verdict set aside, and the complaint dismissed.

The case was tried and submitted to the jury on the theory that plaintiff could recover, if plaintiff, at the time of the accident, was a business invitee to whom the owner owed a duty of maintaining the premises in reasonably safe condition. There is no substantial dispute that if the plaintiff's status as a social guest, and therefore as a licensee, continued throughout his stay on the owner's premises, he could not recover on the ground that he " took the premises as he found them."

It is concluded that there is insufficient evidence to show any change of status from that of licensee to that of invitee so as to support the recovery had herein.

Defendant's decedent was a theatrical producer. Plaintiff was a musician. Plaintiff was one of several house guests over the week end at decedent's country home. As an avocation, decedent and his wife bred and raised Afghan hounds. They were kept for show and sale. Indeed, decedent and his wife maintained a partnership for the conduct of their " business " of raising dogs, and operated under the trade name of " Balmor Kennels."

On the Sunday of the week end in question, after the evening repast, decedent asked plaintiff if he would catch a particular male Afghan hound and bring him in. Plaintiff looked for, found the dog, and brought him to the kennel. On returning to the terrace, plaintiff told decedent that he had placed the dog in the kennel, whereupon decedent said, " Well, get him right out of there. Don't you know Zulica is in heat? Do you want to ruin my kennel business? " Plaintiff immediately went toward the kennel. While walking across the grass area between the terrace and the kennels, the accident occurred which resulted in a fractured arm.

The accident happened when plaintiff stepped on the higher of two low stone lateral structures which edged a depressed area leading to a culvert under the driveway. These stone structures had been made by assembling stones, and were variously described as steps or as retaining walls. Defendant testified that each spring it was necessary to " point up " the stone structures. When plaintiff stepped on the higher stone structure, a stone rolled loose under his foot, causing him to fall. The record does not show the precise distance between the stone structures and the terrace, but the kennels, which were on the other side of the stone structures, were some 40 (or 80) feet from the terrace.

The respective obligations of an owner to those on his land are rather clear. To a licensee the owner owes no greater duty

than to avoid the maintenance of traps, hidden dangers, or wanton and reckless conduct to which the licensee may be exposed, unless the latter is first warned. On the other hand, with regard to an invitee there is a duty to maintain the premises in reasonably safe condition, so that the invitee will not be exposed to unusual hazards. It has frequently been said that a licensee, such as a social guest, takes the premises as he finds them and that he is entitled to no greater protection than a member of the owner's household. (See, generally, Restatement, Torts, § 331 *et seq.*; Prosser on Torts [2d ed.], § 77 *et seq.*)

This analysis, however, contains a verbal paradox. Most of the States, including New York (see *Traub* v. *Liekefet,* 2 A D 2d 22; 25 A. L. R. 2d 598 *et seq.*) hold that a social guest, to be sure, is one invited, but is not an "invitee". (James, *Tort Liability of Occupiers of Land; Duties Owed to Licensees and Invitees,* 63 Yale L. J., 605, 611.) In spite of the superficial verbal inconsistency, the social guest rule has worked well in practice and, with minor exceptions, the courts have declined to raise the social guest to a status higher than that of licensee (see the excellent and comprehensive discussion in *Wolfson* v. *Chelist,* 284 S. W. 2d 447 [Mo.]).

The only real question on this appeal is whether plaintiff, by reason of the request made of him by decedent to retrieve the straying Afghan hound, and later to remove him from the kennel, had ceased to be a social guest, and therefore an invitee. It is indisputable that one, who first comes upon premises as a social guest, may, during the interval that he is on the premises, be changed in status and become an invitee. (*Bernal* v. *Baptist Fresh Air Home Soc.,* 275 App. Div. 88, affd. 300 N. Y. 486.)

In the *Bernal* case, the plaintiff was a nonpaying-guest child at a charitable camp. While there, however, and at the time of the accident, she dried dishes as part of the camp routine. This court held, that it was a question for the jury, whether or not, at the time she was rendering those duties she had become, to that extent, an invitee to whom the duty of reasonable care was owed.

But it is not every request made by an owner of a guest, even if in furtherance of the owner's interest or business, which changes the status of the guest to that of invitee. Among the social amenities and graces is the incidental and casual assistance of one's friends and associates, whether in their private, or even their business, life. To make razor-sharp distinctions among such requests would be a fruitless pursuit. Moreover,

it would apply to ordinary human conduct the most artificial consequences.

The courts have uniformly rejected the contention that a social guest who performs minor services for his host, thereby takes on the status of invitee. (*Cosgrave* v. *Malstrom,* 127 N. J. L. 505 [guest invited to inspect and give opinion on purchase of new quilt by host]; *O'Brien* v. *Shea,* 326 Mass. 681 [guest helped host chase children from back yard]; *McHenry* v. *Howells,* 201 Ore. 697 [guest did ironing while host was away]; *semble* accord: *Kirkup* v. *Kirkup,* 279 App. Div. 803; see cases 25 A. L. R. 2d 607 *et seq.*)*

Here, there was simply a friendly request made of a social friend to which the friend amiably responded. It was no different from the request which the owner might have made of a member of his household as a part of everday living. It did not suffice, however, to change the relationship between friend and friend to owner and business invitee. The trivial circumstance that the owner's kennel was more than a bare hobby, but was also an avocational enterprise for profit, hardly changes the relationship between the parties or transforms the ordinary meaning of the requests made of the guest and his response thereto. Consequently, there was no basis in the evidence upon which the jury could find that the status of the plaintiff had changed, incurring the wider liability of defendant and her decedent.

Accordingly, on the law, the judgment should be reversed, the verdict in favor of plaintiff set aside, and the complaint dismissed.

PECK, P. J., RABIN, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed, with costs to the appellants, the complaint dismissed, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs.

---

* There are, of course, some cases where a plaintiff, who volunteers or is asked to assist a defendant or his employees to preserve defendant's property, has been held to have the status of an invitee. (*Giglio* v. *Rubin,* 278 App. Div. 200; *Cross Co.* v. *Burns,* 81 F. 2d 856; *Supornick* v. *Supornick,* 175 Minn. 579; *Nevada Transfer & Warehouse* v. *Peterson,* 60 Nev. 87. *Contra:* *Davis* v. *Silverwood,* 116 Cal. App. 2d 39; *Mallory* v. *Day Carpet & Furniture Co.,* 245 Ill. App. 465.) In each such case, as in the *Bernal* case (*supra*) the injury occurred on premises which defendant used exclusively for business. But perhaps, most importantly, none of these cases involved one who had come on the premises as a social guest, albeit he had come on as a licensee.