Josephine **GULISANO**, Plaintiff,

v.

**AMERICAN EXPORT LINES, INC.,**
Defendant and Third-Party
Plaintiff,

v.

**McROBERTS PROTECTIVE AGENCY, INC.,** Third-Party Defendant.

United States District Court
S. D. New York.

Dec. 20, 1962.

Paul Cherin, New York City, for plaintiff.

Rudser & Fitzmaurice, New York City, for defendant and third party plaintiff; James Hogarty, New York City, of counsel.

Abberley, Kooiman, Amon & Marcellino, New York City, for third party defendant; David C. Johnson, New York City, of counsel.

CASHIN, District Judge.

This is an action brought by plaintiff for personal injuries sustained on a pier leased by the defendant American Export Lines, Inc. Trial by jury was waived.

Josephine Gulisano, plaintiff, is a citizen of the United States and a resident of Elizabeth, New Jersey. Defendant American Export Lines, Inc. is a New York corporation, with its principal place of business in New York, N. Y. On January 24, 1959, American Export Lines, Inc. was a lessee of Pier 84, North River, City and State of New York, pursuant to an agreement with the City of New York.

On January 24, 1959, plaintiff, a 63 year old woman, having first obtained a customs pass, went to Pier 84 to meet her brother-in-law, who was arriving that morning on the S.S. INDEPENDENCE. She arrived in the company of her nephew and sister at 9:00 A.M. They were told to go to a part of the pier on the second deck to await the arrival of the ship. The area in which the plaintiff and the other people waited was created by a barricade or fence, approximately 4 or 5 feet high. Entrance to the pier itself was to be given by passing through a gateway approximately 5 feet wide, which was guarded by a man whose job it was also to collect the customs passes. Still in the company of her nephew and sister, the plaintiff proceeded to a point about 12 feet from the gateway. She waited at this point for about 20 or 25 minutes. By the end of her wait a crowd of about 600 people had gathered with her in the visitors' area.

At about 9:25 A.M. the guard at the gateway informed the people that they could proceed and should have their passes ready. He then opened the gate and collected the passes, as the people rushed through. As soon as the gate was opened, the people from the back started pushing the people forward. The plaintiff gave her pass to the guard and as she took about 7 or 8 steps beyond the guard, the plaintiff was thrown to the floor of the pier by the oncoming surge of people trying to gain access to the pier. In the plaintiff's words, "All these people threw me to the floor. They were like crazy people and I fell to the ground and I fell down on this arm (indicating the left arm) and then the other people ran over me." The plaintiff was trampled upon and screamed out. She was assisted to her feet and taken to the pier guard who

sent her downstairs to a doctor. The doctor called an ambulance and she was sent to a hospital for further treatment. It is agreed and stipulated that the woman received a dislocated elbow.

Plaintiff contends that the accident and injuries were occasioned solely through the negligence of the defendant American Export Lines, Inc. in failing to properly supervise the entrance of visitors on the pier; in permitting visitors to push and shove in an uncontrolled manner; and in its failure to take proper precautions for the public's safety. There was no evidence that plaintiff was in any way contributorily negligent.

I find that the American Export Lines, Inc. was negligent in that it failed to have a sufficient number of guards at the customs gateway to control the persons entering the pier through the gateway.

It is the defendant's contention that it was not negligent, in that in the past it had been its practice to hire guards to police the pier and that this practice has worked out satisfactorily. It should be pointed out, however, that merely because a practice was continued for a long period of time does not necessarily mean that the practice was made reasonable under all circumstances. Schwartzman v. Lloyd, 65 App.D.C. 216, 82 F.2d 822 (1936).

The plaintiff was an invitee of the American Export Lines, Inc. and as such the defendant owed her a duty to maintain its pier in reasonably safe condition so that she would not be exposed to unusual hazards. Wilder v. Ayers, 2 A.D.2d 354, 156 N.Y.S.2d 85 (1956). See also Voirin v. Compagnie Generale Transatlantique, 151 Misc. 498, 270 N.Y.S. 643 (1933); Schwartzman v. Lloyd, supra. When one by implication or expressly invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary prudence to render the premises reasonably safe. 3 Cooley on Torts (4th Ed.) § 440.

Considering the size of the crowd on the pier, the defendant was under a duty to employ a reasonably sufficient number of guards to afford plaintiff reasonable protection. See Restatement of the Law of Torts, Negligence, Chapter 13, § 348. The circumstances surrounding the injury lead me to the conclusion that the American Export Lines, Inc. did not here adequately fulfill that obligation of prudence. The defendant is, therefore, liable for plaintiff's injury.

The attorneys for all the parties stipulated that if there is liability on the part of defendant or third party defendant, the amount of the recovery by the plaintiff will be $2,000.00.

The above shall constitute my Findings of Fact and Conclusions of Law.

Plaintiff is entitled to judgment herein against the defendant American Export Lines, Inc. for the sum of $2,000.00, together with costs.

As for the third party action by American Export Lines, Inc. against McRoberts Protective Agency, I find no negligence whatsoever on the part of third party defendant, McRoberts Protective Agency. After the correspondence between the two companies in 1948, which constituted their contract for the providing of guards by McRoberts, the American Export Lines, Inc. designated the posts to be patrolled by such guards. On the day in question, the American Export Lines, Inc. had ordered McRoberts to use 20 guards for the left area. That number was provided as directed. The American Export Lines, Inc. determined the number of guards to be used on any particular day, and from the evidence it is clear that under the arrangement between the two parties, McRoberts supplied the number of men that the American Export Lines, Inc. had requested.

This Court has jurisdiction of the third party action by reason of ancillary jurisdiction under the provisions of

Rule 14 of the Federal Rules of Civil Procedure.

The above shall constitute my Findings of Fact and Conclusions of Law.

I accordingly dismiss the third party complaint by American Export Lines, Inc. against McRoberts Protective Agency, and on that complaint judgment is entered in favor of third party defendant, together with costs.

It is so ordered.