Burke, J. (dissenting).
The trial court committed reversible error in charging contributory negligence. This unwarranted charge of contributory negligence is an example of the tendency to arrange the law into mechanical rules. (See Pound, Mechanical Jurisprudence, 8 Col. L. Rev. 605.)
Plaintiff was the proprietor of a Texaco Service Station. The defendant, Durney, is the driver of one of Texaco, Inc.’s gasoline trucks. These trucks have a bulk box compartment with swinging doors on the side which are opened by “ T ” handles. The round “ T ” shaped latch handles lift out of a recessed well and extend three inches when pulled up to opening position at a 90 degree angle. They stand about three feet above the roadway. The station surface was primarily asphalt, but the delivery and pump areas — substantially separated from each *888 other—are concrete. Plaintiff and his witnesses testified that on January 9, 1960, he was standing about three feet inside the customers’ concrete apron. At the time Durney, whose duty was to see to it that he did not interfere with the operation of the gasoline station, completed his delivery and began to leave the station, the plaintiff was pumping gasoline into a vehicle facing the highway. The truck passed behind him and struck him in the left buttock with the “ T ” shaped handle protruding from the side of the truck.
The plaintiff’s witnesses testified that the delivery vehicle was partially in the pumping area apron and at an angle to it. After the accident the front of the truck came to a stop at about six to ten feet past the cement apron. The back portion of the truck being the gasoline tank compartment, was still on the cement apron, cutting across the southerly part of the apron at an angle. The area through which the truck attempted to maneuver was a clear portion of the service station between the apron and the station’s office building to the south. In order to determine whether there is an issue of contributory negligence, it is, of course, necessary to consider the testimony carefully.
Winzelberg, an eyewitness, testified that at the time of the accident he was standing on the station between two islands on a direct line between the Texaco truck and the car receiving the gasoline. He saw the truck starting to move. At that time the plaintiff was facing Old Country Road, looking at the pump and as the truck passed the plaintiff, the handle on the compartment was up. The handle, according to Mr. Winzelberg, struck the plaintiff, spinning him around into the left rear wheel of the truck. Winzelberg then went to the plaintiff and pulled him away from the wheel. Winzelberg testified that there was no blowing of a horn or warning of any kind.
Mr. McWeeney, the driver of the car, testified that when he pulled his car up to the gas pumps the front of it was just past the pump island facing west and the Texaco truck was parked in front of him. As he got out of his car he stated he saw the plaintiff putting gas into the car and that the plaintiff was facing towards the car and looking at the pumps. He also testified that he did not hear any horn or warning. McWeeney further testified that "the first time he knew ther.e was an accident was when the plaintiff was sent sprawling and the truck was going past McWeeney, who was standing behind his car, facing the *889 plaintiff who had the nozzle in the tank. Finally McWeeney testified that he did not hear the truck’s engine as he thought his motor was running at the time.
At the trial, according to the defendant Durney, he arrived at the gas station at around 10:10 p.m., pulling into the station by making a right turn off Old Country Road on to Westhury Drive into the service station to the fill-holes near the Westhury Drive section of the service station.
When the truck came to a stop by this island, the front of the vehicle, which was facing easterly, was around 27 feet from the three pumps to the west along Old Country Road.
The defendant stood by his truck while delivering the gas which took about an hour. He observed that there were three cars near the service bay doors which ‘ ‘ were facing outside the bay doors, facing south * * * the radiator going in”. The only other auto he observed was McWeeney’s car which had pulled up near the first pump along Old Country Road. McWeeney’s car was situated south of the pumps and thus was between the pumps and the office building. Measuring the clearance area between the bays adjoining the office part of the building and the concrete apron there was a span of between 10 to 15 feet. McWeeney’s car was completely within the white cement apron area and did not extend into the general black area between the apron and the building. According to Durney, he saw no one standing by the automobile at the pump as he started to leave the station. He conceded that he did not even know the accident occurred. Prior to the accident Durney testified he last saw the plaintiff in the office of the gasoline station.
The only issue reviewable under prevailing law is whether there was any evidence as to contributory negligence which warranted a charge of contributory negligence. Where no evidence in the record to call for a charge, it is error to give a charge as it authorizes the jury to indulge in surmise and speculation (see Mara v. Tunney, 236 App. Div. 82; Halverson v. 562 W. 149th St. Corp., 290 N. Y. 40, 42). Ordinarily negligence and contributory negligence are jury questions. Submission is required "when there is a conflict in the evidence or when, though there is no such conflict, fair-minded men can draw more than one inference from the undisputed facts (Mead v. Parker, 111 N. Y. 259, 262; Salt Springs Nat. Bank v. Sloan, 135 N. Y. *890 371, 384)". (Veihelmann v. Manufacturers Safe Deposit Co., 303 N. Y. 526, 530.)
If, however, there is no evidence of contributory negligence on the part of the plaintiff, it should not be charged. (See 65A C. J. S., Negligence, § 293, p. 1032-1033; 1 Warren's Negligence, § 10.15, p. 458.) The rule is that the law does not require every case involving contributory negligence, regardless of the evidentiary aspect, to be determined by a jury. In Conroy v. Saratoga Springs Auth. (259 App. Div. 365 [3d Dept., 1940], affd. 284 N. Y. 723) the court wrote (p. 368): “The error is just as pernicious to submit a case to a jury and permit that body to speculate with the rights of litigants where no question for a jury is involved as it is to deny to a suitor his right to a determination by such a tribunal where a question of fact is presented.” The contributory negligence doctrine requires no more from a plaintiff than a showing that he did not knowingly get himself in a place of danger.
In this record no evidence was given by the plaintiff or his witnesses which would give rise to even an inference of contributory negligence on the part of the plaintiff. It is undisputed that plaintiff was struck in the backside. Moreover none of the evidence offered by the defendant pointed to any act of the plaintiff which would give rise to the slightest degree of contributory negligence. If, as defendant testified, plaintiff was not pumping gasoline while the delivery truck was leaving and was in fact in the office, the jury would have to find the inference from this evidence that the plaintiff had left the office, ran around the back of the moving truck and turned his back into the “ T ” handle. Such an inference is improbable and incredible as a matter of law. The proof offered by the defendant in no sense supports any inference that the plaintiff could be guilty of contributory negligence. Durney admitted that he noticed the McWeeney car by the pump before he started to leave. He claimed that he never saw anybody by the McWeeney car as he was proceeding and just before he was opposite any of these pumps, and that he did not see anyone alongside of the car as he was going past it. As he passed the pumps he stated he continued to proceed easterly while simultaneously making a northerly half-turn towards the service station’s exit cut along Old Country Road. The defendant’s truck was where it was not entitled to be at the time of the accident — on the customers’ *891 service apron. The defendant acknowledged that a hulk box door is on the left side of the truck and it had the “ T ” handle which he estimated protruded if not recessed, about two inches. He admitted that he never went to the side of the truck to look at the handle after the accident, nor did he ever go to this side of the truck to check the handle while he was at the station that night. Finally the defendant acknowledged that he never sounded his horn, that it was a cold, clear night and that there was nothing to obstruct his view.
Under the prevailing circumstances as revealed in this record there is no evidence that the plaintiff was in any manner contributorily negligent. The testimony of the plaintiff, corroborated by the testimony of eyewitnesses showed that the plaintiff was on the customers’ service apron and exercised reasonable care in performing his usual working duties in a gasoline service station. Since it was necessary in the prosecution of his business that he should be in that position, no negligence can be imputed to him. Plaintiff’s occupation demanded his attention and the use of his eyes. The noise of the approaching vehicle was inaudible to him. On the other hand, his person was plainly visible to the driver of the approaching vehicle. As stated in Hull v. Littauer (162 N. Y. 569) at page 572, “Where * * * the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities, * * * there is no reason for denying to it conclusiveness.” (22 N. Y. Jur., Evidence, § 648, p. 158.) To hold him obligated to exercise constant vigilance to avoid injury from the want of ordinary care on the part of the driver of the delivery vehicle means that he must abandon his business altogether while that vehicle was on the premises.
We are unable to perceive wherein the plaintiff was at fault and without some slight evidence of fault he cannot be charged with contributory negligence. His responsibility was to service the public from the service area during the hour’s time which it took the defendant to fill the gas holes and to continue about his business, as he was doing when he stood on the service apron pumping gas into the customer’s car. His duty was not to keep a lookout for any protruding part of the truck, which should have been on the asphalt right of way, but to attend in the customers’ service area, to the car and gas tank, and to avoid dangers *892 which might arise from careless spilling of gasoline. Under the circumstances the plaintiff cannot be held to have, by his own act, placed himself in a position of danger and be thus possibly guilty of contributory negligence. It is clear that the activity of the plaintiff played no causitive part in the accident—the accident happened because the driver of the delivery truck did not see what he was bound to see, and instead drove the truck over the concrete apron instead of the asphalt way provided for such vehicles as contrasted with the way provided for customers ’ vehicles seeking service at the pumps. The plaintiff’s burden of showing that he was not negligent is satisfied as here, where there is no proof of imprudence. He was safe from all risk of injury excepting only such as would arise from the negligently unrecessed “ T ” handle and the trespass of the delivery truck on the customers ’ concrete apron.
Accordingly, the judgment should be reversed and the case remitted for a new trial.
Order affirmed.